UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DELIA WILSON, on behalf of herself and others similarly situated<br><br>            Plaintiff,<br><br>  v.<br><br>CONAIR CORPORATION,<br><br>            Defendant. | CIV. NO. 1:14-894 WBS BAM<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS; MOTION TO TRANSFER; MOTION FOR MORE DEFINITE STATEMENT</u> |

----oo0oo----

        Plaintiff Delia Wilson brought this putative class action arising out of her purchase of an allegedly defective curling iron from defendant Conair Corporation. Defendant now moves to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) or to transfer venue under 28 U.S.C. § 1404(a). Defendant also moves for a more definite statement under Rule 12(e).

1

I.  Factual & Procedural Background

Defendant is a Delaware corporation headquartered in New Jersey with sales and marketing offices in Connecticut. (Compl. ¶ 10 (Docket No. 1).)  Plaintiff, who resides in Goleta, California, alleges that she purchased one of defendant's products, a Conair Instant Heat 1½" Curling Iron, in early 2010 at a Sally Beauty Supply in Fresno, California. (Compl. ¶ 9 (Docket No. 1).)  Within a month, plaintiff alleges that the curling iron malfunctioned. (Id. ¶ 13.)  Defendant then sent plaintiff a replacement iron that plaintiff claims was defective, allegedly short-circuiting without warning and emitting a shower of sparks. (Id. ¶¶ 13-16.)

Plaintiff first filed a class action complaint in the Central District of California on June 6, 2014. (Def.'s Req. for Judicial Notice Ex. B (Docket No. 8-4).)[1]  Plaintiff subsequently dismissed that complaint and filed the present class action complaint ("Complaint") in the Eastern District of California on June 11, 2014.  The Complaint seeks certification of a class consisting of "All persons who purchased Conair Styling Irons in California," (Compl. ¶ 30), and brings claims for: (1) violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; (2) violation of the Unfair Competition Law

---

[1]  The court will take judicial notice of the existence of plaintiff's previous Central District complaint and of the representations made therein, but not of the veracity of such representations.  See Fed. R. Evid. 201; NuCal Foods, Inc. v. Quality Egg LLC, 887 F. Supp. 2d 977, 984 (E.D. Cal. 2012) (Mueller, J.)("Courts have consistently held that courts may take judicial notice of documents filed in other court proceedings.").

2

("UCL"), Cal. Bus. & Profs. Code §§ 17200 et seq.; and (3) breach of implied warranty, (Compl. ¶¶ 40-72).[2]

## II. Analysis

### A. Venue

"A defendant over whom personal jurisdiction exists but for whom venue is improper may move for dismissal or transfer for improper venue under 28 U.S.C. § 1406(a). A defendant for whom venue is proper but inconvenient may move for a change of venue under 28 U.S.C. § 1404(a)." Action Embroidery Corp. v. Atl. Embroidery, Inc., 368 F.3d 1174, 1181 (9th Cir. 2004). Defendant moves under both provisions here. Thus, the court must first determine if venue is proper. If so, then the court must determine whether another venue is nevertheless more convenient.

#### 1. Improper Venue under Rule 12(b)(3)

Rule 12(b)(3) authorizes the court to dismiss an action for improper venue. Fed. R. Civ. P. 12(b)(3); see also 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The plaintiff has the burden of proving that venue is proper in the district in which the suit was initiated. Munns v. Clinton, 822 F. Supp. 2d 1048, 1079 (E.D. Cal. 2011) (England, J.) (citing Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979)).

---

[2] Although plaintiff alleges she suffered physical harm from use of the curling iron, she disclaims any recovery for personal injury damages. (Id. ¶ 9.)

         Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). This provision "does not require that a majority of the events have occurred in the district where suit is filed, nor does it require that the events in that district predominate." Rodriguez v. Cal. Highway Patrol, 89 F. Supp. 2d 1131, 1136 (N.D. Cal. 2000). Courts routinely find venue proper in UCL and CLRA cases where the plaintiff encountered false advertising and purchased the product in question in the forum district. See, e.g., Allen v. Similasan Corp., Civ. No. 12-376 BTM WMC, 2013 WL 2120825, at *8 (S.D. Cal. May 14, 2013) (finding venue to be proper where one plaintiff had purchased product from Colorado-based defendant in California); Nilon v. Natural-Immunogenics Corp., Civ. No. 12-930 BGS, 2012 WL 2871658, at *2 (S.D. Cal. July 12, 2012) ("The Court concludes that venue is proper because the alleged events that led Plaintiff to purchase the product (i.e. Defendant's alleged false advertising) took place in California."); cf. Sidco Indus. Inc. v. Wimar Tahoe Corp., 768 F. Supp. 1343, 1346 (D. Or. 1991) (determining that, in trademark and unfair competition cases, venue is proper where the confusion caused by the advertising occurs).

         Like the plaintiff in Allen, 2013 WL 2120825, at *8, plaintiff alleges that she purchased a defective product from defendant in the Eastern District, (Compl. ¶ 9), and later received a second defective product from defendant as a result of

4

this initial purchase,³ (id. ¶¶ 13-14).  Plaintiff also alleges she encountered and relied upon defendant's marketing and advertising while in the Eastern District, (Hurst Decl. ¶ 2 (Docket No. 19-1)); thus, the confusion caused by defendant's alleged false advertising occurred in the Eastern District.  See Sidco, 768 F. Supp. at 1346.  Plaintiff has therefore established that "a substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District.  28 U.S.C. § 1391(b)(2).

In arguing that venue is improper, defendant relies on Hawkins v. Gerber Products Co., 924 F. Supp. 2d 1208, 1215 (S.D. Cal. 2013), and Rikos v. Procter & Gamble Co., Civ. No. 10-1974 BEN (CAB), 2011 WL 1456096, at *1 (S.D. Cal. April 13, 2011).  In particular, defendant points to language in Hawkins where the court endorsed the proposition that "in a false advertising action, the heart of the matter lies where the marketing and manufacturing decisions were made, which is typically at Defendant's headquarters."  924 F. Supp. 2d at 1215.

Plaintiff's reliance on these cases is misplaced, as in both Hawkins and Rikos the issue was whether to transfer venue under § 1404(a), not whether venue was proper in the first place under § 1406(a).  For the purposes of defendant's Rule 12(b)(3) motion, the court need not determine where "the heart of the

---

³ Plaintiff's Complaint does not specify whether plaintiff received the second curling iron while in Fresno or in Goleta, which is in the Central District.  At oral argument, plaintiff's counsel represented that plaintiff received the second iron in Fresno.  The court sees no reason to doubt this representation at this time.

5

matter lies." To the contrary, venue may be proper in more than one district, as there may be more than one district in which "a substantial part of the events giving rise to the claim occurred." See Sidco, 768 F. Supp. at 1346 ("Defendants are mistaken in their contention that the court must determine the single district where a substantial part of the events occurred.").

Accordingly, because plaintiff alleges that the Eastern District of California is where she relied upon defendants' representations and purchased both the original and replacement product, "a substantial part of the events or omissions giving rise to the claim occurred" in this district, 28 U.S.C. § 1391(b)(2), and defendant's motion to dismiss for improper venue must be denied.

    2.    Transfer to More Convenient Forum

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this provision "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). Section 1404(a) affords district courts broad discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (quoting

6

Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)) (internal quotation marks omitted).

"In ruling on a motion to transfer pursuant to § 1404(a), the Court must evaluate three elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice." Safarian v. Maserati N. Am., Inc., 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008). According to the Ninth Circuit, this analysis may include a number of factors, such as: the plaintiff's choice of forum, the parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, the differences in the costs of litigation in the two forums, the ease of access to the evidence, the feasibility of consolidating other claims, and the relative court congestion and time to trial in each forum. Jones, 211 F.3d at 498-99; Decker Coal. Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

The moving party has the burden of showing that transfer is appropriate. Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); cf. Jones, 211 F.3d at 499 (noting that defendant failed to meet burden of showing that alternative forum was more appropriate). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum," Decker Coal, 805 F.2d at 843, and transfer must do more than merely "shift the inconvenience from one party to another," Safarian, 559 F. Supp. 2d at 1071.

Because the statute contemplates transfer "to any other district or division where it might have been brought," 28 U.S.C.

7

§ 1404(a), defendant must make a threshold showing that venue and jurisdiction would be proper in the district to which it seeks transfer. Vu v. Ortho-McNeil Pharm., Inc., 602 F. Supp. 2d 1151, 1155 (N.D. Cal. 2009); see also F.T.C. v. Watson Pharm., Inc., 611 F. Supp. 2d 1081, 1090 (C.D. Cal. 2009) ("For transfer under § 1404(a), the threshold issue is whether the case 'might have been brought' in the proposed venue.").

     Here, defendant fails to address this threshold question; its brief includes only a perfunctory paragraph stating that "Venue is proper in one of four potential forums"--the District of Connecticut, the District of New Jersey, the District of Delaware, and the Central District of California. (Def.'s Mem. at 11:2-9 (Docket No. 8).) Defendant focuses extensively on why the Eastern District of California is an inappropriate forum but simply appears to assume that the case "might have been brought" in these other districts.

     In any event, the court finds that even if defendant had made the required threshold showing that the suit "might have been brought" in one of its preferred transferee courts, the balance of factors does not weigh in favor of transfer to any of those districts. First, in considering convenience of the parties, courts generally accord "great weight" to the plaintiff's choice of forum. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). When an individual represents a class, however, the named plaintiff's choice of forum receives less weight. Id. "In part, the reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum

shopping, especially when a representative plaintiff does not reside within the district." Hawkins, 924 F. Supp. 2d at 1214-15.

A plaintiff's choice of forum also receives less weight where the operative facts have not occurred within the forum and the forum has no particular interest in the parties or subject matter. Id. at 1215 (citing Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968)). Here, plaintiff brings her claims on behalf of a class, and she is no longer a resident of the Eastern District.[4] Her decision to file in this district thus receives less weight. See Lou, 834 F.2d at 739; Hawkins, 924 F. Supp. 2d at 1214-15.

Tending to the contrary, although plaintiff purchased defendant's allegedly defective product in this district, other operative facts occurred in Connecticut, where defendant's marketing, sales, and engineering personnel for curling irons operate and where defendant maintains its promotional and marketing materials pertaining to curling irons. (Fong Decl. ¶¶ 3,5 (Docket No. 8-1).) These facts, especially in a false advertising action, weigh in favor of transfer. See Hawkins, 924 F. Supp. 2d at 1215 (finding that "heart of the matter" in false advertising case "lies where the marketing and manufacturing decisions were made"); Rikos, 2011 WL 1456096, at *2 (determining

---

[4] Defendant argues that plaintiff's decision to re-file this action in the Eastern District shortly after filing and then dismissing an action in the Central District is evidence of forum shopping. Plaintiff responds that she simply was mistaken as to in which district she purchased defendant's product. (Hurst Decl. ¶ 2.)

that, while the plaintiff had purchased product in current forum district, "the operative facts likely occurred" in Ohio where the defendant was headquartered and made decisions regarding product marketing).[5]

Second, as for convenience to witnesses, "[c]onvenience of nonparty witnesses is often the most important factor in the section 1404(a) calculus." Welenco, Inc. v. Corbell, Civ. No. S-13-287 KJM CKD, 2014 WL 130526, at *7 (E.D. Cal. Jan. 14, 2014). "To demonstrate inconvenience of witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance. Williams v. Bowman, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001).

Here, neither party identifies any third party witnesses.  Defendant generally avers that some of its employees would be witnesses and that it would be more convenient for them to testify on the East Coast, but it does not offer further specifics.  (Fong Decl. ¶ 3.)  Because plaintiff seeks to certify a class composed solely of "persons who purchased Conair Styling Irons in California," (Compl. ¶ 30), many if not all of potential class members who wish to testify are likely to reside in California, and those witnesses would be inconvenienced by transfer to the East Coast.  Accordingly, as transfer must do

---

[5]  In re Ferrero Litigation, 768 F. Supp. 2d 1074 (S.D. Cal. 2011), on which plaintiff relies, does not dictate otherwise.  In Ferrero, the court stressed the "operative facts"--that plaintiff relied on defendant's misrepresentations and suffered the resulting harm in the forum district--in declining to transfer the action to the district in which defendant made the misrepresentations.  Id. at 1079.  The plaintiff in Ferrero, however, also resided in the initial forum.  Id.

more than merely "shift the inconvenience from one party to another," Safarian, 559 F. Supp. 2d at 1071, this factor neither favors nor disfavors transfer.

Finally, the court must consider the "interests of justice," which may incorporate factors including judicial efficiency, familiarity with governing law, and any local interest in the controversy. Defendant argues that New Jersey or Connecticut district courts are just as capable as California district courts in applying California state law and that those states have a strong interest in ensuring that their businesses do not engage in fraudulent or deceptive practices.

However, nearly all the authority defendant cites is either distinguishable or actually weighs against transfer. For example, the plaintiff in Hawkins originally filed claims under California, Michigan, and New Jersey law, and the court also found that transfer to New Jersey would create efficiency and fairness gains because five nearly identical actions were pending there before a single judge. 924 F. Supp. 2d at 1216-17. No such considerations are present here, as plaintiff brings only California state law claims and no related actions are pending elsewhere. Moreover, defendant points to Wellens v. Daiichi Sankyo Co., Civ. No. 13-581 CW, 2013 WL 3242294, at *5 (N.D. Cal. June 25, 2013), and Holliday v. Lifestyle Lift, Inc., Civ. No. 09-4995 RS, 2010 WL 3910143, at *8 (N.D. Cal. Oct. 5, 2010), both of which denied the defendants' motions to transfer even though those cases involved nationwide classes of plaintiffs bringing both state and federal law claims.

11

            Here, the argument against transfer is even stronger, inasmuch as plaintiff brings only California state law claims on behalf of a class of California consumers. The court sees no reason it cannot bring this case to a just resolution and, considering plaintiff brings only California state law claims and seeks certification of a class comprised solely of California purchasers, finds that the interests of justice weigh heavily against transfer.[6]

            For the foregoing reasons, the court will deny defendant's motion to transfer venue.

    B.   More Definite Statement

            Before filing a responsive pleading, a party may move under Rule 12(e) for a more definite statement of a pleading if it "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The party seeking a more definite statement "must point out the defects complained of and the details desired." Id.

            "The purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one that is merely lacking detail." E.E.O.C. v. Alia Corp., 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012) (O'Neill, J.). If the complaint "is specific enough to apprise the responding party of the substance of the claim being asserted or where the detail sought is otherwise

---

[6] These factors could support transfer to the Central District of California. However, Defendant makes no argument that the Central District is any more convenient for it than this district. Defendant suggests that transfer to the Central District may be more convenient for plaintiff, but the court does not find this to be a compelling justification for transfer considering that plaintiff opposes the motion.

12

obtainable through discovery," the court should deny a motion for a more definite statement.  Id.  Accordingly, the Ninth Circuit has suggested that Rule 12(e) relief will be proper only on "rare occasions."  Bautista v. Los Angeles County, 216 F.3d 837, 843 n.1 (9th Cir. 2000).

Defendant cites Lemanski v. Regents of the University of California, Civ. No. 08-548 EMC, 2008 WL 3916021, at *3 (N.D. Cal. Aug. 22, 2008), and argues that plaintiff must allege the specific product in question by model and year.  But the issue in Lemanski was whether one of the defendants had supplied certain instruments as a subcontractor to plaintiff's employer--not products liability or false advertising like the present claim.  Moreover, the court in Lemanski only stated that that the plaintiff should provide the defendant "with additional information" about the instruments, including the "the time frames the instruments were provided," and "the general type of instruments involved."  2008 WL 3916021, at *3.  Nothing in Lemanski requires plaintiff to allege the specific product in question by model and year.

Here, plaintiff has alleged that she purchased a defective Conair Instant Heat 1½" Curling Iron at a Sally Beauty Supply in Fresno in early 2010, and that defendant sent her another defective iron around a month later.  (Compl. ¶¶ 9, 13.) This pleading may lack all the detail defendants might like it to contain, but it is certainly not "unintelligible."  Alia, 842 F. Supp. 2d at 1250.  Defendant may obtain the exact product details in discovery, and plaintiff's counsel represents that plaintiff

13

has already agreed to provide this information to defendant. (Hurst Decl. ¶ 4.)

Defendant also objects to the Complaint's general references to "styling irons." As plaintiff points out, however, the Complaint employs the term "styling irons" in the same manner that defendant uses on its web site. (Id. ¶ 5 Ex. A.) Although plaintiff only purchased a curling iron, she seeks to represent a class injured by other products within the styling iron category because they are allegedly defective in the same manner. (Compl. ¶¶ 2, 23.) Any issues relating to plaintiff's ability to represent this class because she only purchased a curling iron should be resolved at the class certification stage, not on a Rule 12(e) motion.

Accordingly, because the Complaint is not "so vague or ambiguous" that defendant "cannot reasonably prepare a response," the court will deny defendant's motion for a more definite statement.

IT IS THEREFORE ORDERED that defendant's motions to dismiss for improper venue, to transfer venue, and for a more definite statement be, and the same hereby are, DENIED.

Dated: August 27, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE