BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
THOMAS J. O'REARDON II (247952)
701 B Street, Suite 1700
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com

ODENBREIT LAW, APC
KATHERINE J. ODENBREIT (184619)
16835 Algonquin Street, Suite 221
Huntington Beach, CA  92649
Tel: 888/490-3510
kodenbreit@kjolaw.com

Attorneys for Plaintiff

ROSEN SABA, LLP
RYAN D. SABA (192370)
MOMO E. TAKAHASHI (238965)
9350 Wilshire Boulevard, Suite 250
Beverly Hills, CA  90212
Tel: 310/285-1727
310/285-1728 (fax)
rsaba@rosensaba.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA WILSON, on Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONAIR CORPORATION,<br><br>　　　　　Defendant. | Case No: 1:14-cv-00894-WBS-BAM<br><br>CLASS ACTION<br><br>STIPULATED ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS<br><br>District Judge:　　　William B. Shubb<br>Sacramento Ctrm:　　5<br>Magistrate Judge:　　Barbara A. McAuliffe<br>Fresno Ctrm:　　　　8<br><br>Complaint Filed: June 11, 2014 |

**TO THIS HONORABLE COURT:**

Plaintiff Delia Wilson and Defendant Conair Corporation (the "Parties"), jointly move the Court to enter the accompanying Stipulated Protective Order governing confidential information and documents (the "Order").

## 1.   <u>PURPOSES AND LIMITATIONS</u>

This Order specifies the conditions under which legally confidential documents and information in possession of the Parties must be exchanged, used, and protected in this litigation, and authorizes the Parties to disclose that information in response to discovery requests.  This Order is justified by Rule 26(c) of the Federal Rules of Civil Procedure and relevant case law and is necessary in order for the Parties to obtain relevant and essential discovery.  The Parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

Entry of this Order authorizing the Parties to disclose such records is necessary for the conduct of discovery in this action.  The Parties, therefore, respectfully request that the attached Stipulated Protective Order be adopted by order of the Court.

## 2.   <u>DEFINITIONS</u>

2.1    Challenging Party: A Party or Non-Party that challenges the designation of information or items as identified in this Stipulation.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4    Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, electronically stored information, and tangible or intangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     In-House Counsel: Attorneys who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7     Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8     Outside Counsel of Record: Attorneys who are not employees of a Party to this action, but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.9     Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.10    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11    Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12    Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.13    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

///

///

Case No. 1:14-cv-00894-WBS-BAM
STIPULATION AND ORDER GOVERNING CONFIDENTIAL INFORMATION

00080089

1

**3.      SCOPE**

2

The protections conferred by this Stipulation cover not only Protected Material (as

3

defined above), but also (1) any information copied or extracted from Protected Material; (2)

4

all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

5

conversations, or presentations by Parties or their Counsel that might reveal Protected

6

Material.  However, the protections conferred by this Stipulation do not cover the following

7

information: (a) any information that is in the public domain at the time of disclosure to a

8

Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party

9

as a result of publication not involving a violation of this Order, including becoming part of

10

the public record through trial or otherwise; and (b) any information known to the Receiving

11

Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a

12

source who obtained the information lawfully and under no obligation of confidentiality to the

13

Designating Party.  Any use of Protected Material at trial shall be governed by a separate

14

agreement or order.

15

**4.      DURATION**

16

Even after final disposition of this litigation, the confidentiality obligations imposed by

17

this Order shall remain in effect until a Designating Party agrees otherwise in writing or a

18

court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal

19

of all claims and defenses in this action, with or without prejudice; and (2) final judgment

20

herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

21

reviews of this action, including the time limits for filing any motions or applications for

22

extension of time pursuant to applicable law.

23

**5.      DESIGNATING PROTECTED MATERIAL**

24

5.1      Exercise of Restraint and Care in Designating Material for Protection.  Each

25

Party or Non-Party that designates information or items for protection under this Order must

26

take care to limit any such designation to specific material that qualifies under the appropriate

27

standards.  To the extent it is practical to do so, the Designating Party must designate for

28

protection only those parts of material, documents, items, or oral or written communications

1    that qualify – so that other portions of the material, documents, items, or communications for

2    which protection is not warranted are not swept unjustifiably within the ambit of this Order.

3         If it comes to a Designating Party's attention that information or items that it

4    designated for protection do not qualify for protection, Designating Party must promptly notify

5    all other Parties that it is withdrawing the mistaken designation.

6         5.2    Manner and Timing of Designations.  Except as otherwise provided in this

7    Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

8    ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulation

9    must be clearly so designated before the material is disclosed or produced.

10        Designation in conformity with the Court's Order on the Parties' Stipulation requires:

11            (a) for information in documentary form (*e.g.*, paper or electronic documents,

12   but excluding transcripts of depositions or other pretrial or trial proceedings), that the

13   Producing Party affix the legend "CONFIDENTIAL" (or a substantially similar legend) to

14   each page that contains Protected Material.  If only a portion or portions of the material on a

15   page qualifies for protection, the Producing Party also must clearly identify the protected

16   portion(s) (*e.g.*, by making appropriate markings in the margins).   Any such stamp or

17   designation shall not in any manner cover up, overlap upon, obscure or otherwise conceal any

18   text, picture, drawing, graph or other communication or depiction in the document.  To the

19   extent documents are produced in native format, it shall be sufficient for the Producing Party

20   to either include the terms "CONFIDENTIAL" in the file name for the document and/or to

21   include an associated placeholder document bearing the terms "CONFIDENTIAL" (or a

22   substantially similar legend).

23        A Party or Non-Party that makes original documents or materials available for

24   inspection need not designate them for protection until after the inspecting Party has indicated

25   which material it would like copied and produced.  After the inspecting Party has identified the

26   documents it wants copied and produced, the Producing Party must determine which

27   documents, or portions thereof, qualify for protection under this Stipulation and Proposed

28   Order.  Then, before producing the specified documents, the Producing Party must affix the

4                Case No. 1:14-cv-00894-WBS-BAM
STIPULATION AND ORDER GOVERNING CONFIDENTIAL INFORMATION

appropriate legend ("CONFIDENTIAL") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.  To the extent documents are produced in native format, it shall be sufficient for the Producing Party to either include the term "CONFIDENTIAL" in the file name for the document and/or to include an associated placeholder document bearing the term "CONFIDENTIAL" (or a substantially similar legend).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  Alternatively, the Designating Party may identify the specific portions of the testimony as to which protection is sought within 30 (thirty) days following receipt of the reporter's transcript of the deposition, hearing, or other proceeding (or longer if agreed to by the Parties).  Only those portions of the testimony that are appropriately designated for protection within the 30 (thirty) days (or longer if agreed to by the Parties) shall be covered by the provisions of this Stipulation and Proposed Order.  A Designating Party may specify, at the deposition or within 30 (thirty) days of receipt of the reporter's transcript (or longer if agreed to by the Parties), that the entire transcript shall be treated as "CONFIDENTIAL" to the extent such a designation is consistent with the other terms of this Stipulation.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material.  The Designating Party shall inform the court reporter of these requirements.  If the designation of Protected Material occurs after the deposition transcript has been prepared and results in an additional cost, the Designating Party shall pay the additional transcript costs.

1    (c) for information produced in some form other than documentary and for any

2    other tangible items, that the Producing Party affix in a prominent place on the exterior of the

3    container or containers in which the information or item is stored the legend

4    "CONFIDENTIAL" (or a substantially similar legend).  If only a portion or portions of the

5    information or item warrant protection, the Producing Party, to the extent practicable, shall

6    identify the protected portion(s).

7    5.3    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified

8    information or items does not, standing alone, waive the Designating Party's right to secure

9    protection under this Order for such material.  Upon correction of a designation, the Receiving

10   Party must make reasonable efforts to assure that the material is treated in accordance with the

11   provisions of this Order.

12   **6.        CHALLENGING CONFIDENTIALITY DESIGNATIONS**

13   6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

14   confidentiality at any time.

15   6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution

16   process by providing written notice of each designation it is challenging and describing the

17   basis for each challenge.  Upon receipt of the written notice, the Producing Party shall have 10

18   (ten) days to provide a written response to the Challenging Party explaining the basis and/or

19   supporting authority for the designation, or an agreement to withdraw the confidential

20   designation.  If the dispute is not resolved, the Parties shall meet and confer within 14

21   (fourteen) days of the date of the written response served by the Producing Party in an attempt

22   to resolve the dispute without court intervention.

23   6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court

24   intervention, the Challenging Party shall file and serve a motion to challenge confidentiality, if

25   there is good cause for doing so, including a challenge to the designation of a deposition

26   transcript or any portions thereof, pursuant to Local Rule 251(a) and Magistrate Judge

27   McAuliffe's standing orders (or the standing orders of whichever Magistrate is assigned to this

28   matter) with at least 21 (twenty-one) days' notice.  Each such motion must be accompanied by

00080089

1    a competent declaration affirming that the movant has complied with the meet and confer

2    requirements imposed in the preceding paragraph.  Alternative to a written motion, the Parties

3    may agree to have the dispute resolved by Magistrate Judge McAuliffe's "Informal Telephonic

4    Conferences re Discovery Disputes" process.  In addition, the Designating Party may file a

5    motion to retain a confidentiality designation at any time if there is good cause for doing so,

6    including retention of the designation of a deposition transcript or any portions thereof.  Any

7    motion brought pursuant to this provision must be accompanied by a competent declaration

8    affirming that the movant has complied with the meet and confer requirements imposed by the

9    preceding paragraph and provide at least 21 (twenty-one) days' notice.

10       The burden of persuasion in any such challenge proceeding shall be on the Designating

11   Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose

12   unnecessary expenses and burdens on other Parties) may expose the Challenging Party to

13   sanctions.  All Parties shall continue to afford the material in question under the Producing

14   Party's designation until the court rules on the challenge.

15       **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

16       7.1     Basic Principles.    A Receiving Party may use Protected Material that is

17   disclosed or produced by another Party or by a Non-Party in connection with this case only for

18   prosecuting, defending, or attempting to settle this litigation (including any related appeals).

19   Such Protected Material may be disclosed only to the categories of persons and under the

20   conditions described in this Order.  When the litigation has been terminated, a Receiving Party

21   must comply with the provisions of section 12 below (FINAL DISPOSITION).

22       Protected Material must be stored and maintained by a Receiving Party at a location

23   and in a secure manner that ensures that access is limited to the persons authorized under this

24   Order.

25       7.2     Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise

26   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

27   disclose any information or item designated "CONFIDENTIAL" only to:

28

00080089
STIPULATION AND ORDER GOVERNING CONFIDENTIAL INFORMATION

(a) the Parties and the Receiving Party's Outside Counsel of Record in this action, as well as employees, support personnel, independent contractors and investigators operating under the supervision of the Receiving Party's Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants, including associated personnel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) professional jury or trial consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) professional vendors to whom disclosure is reasonably necessary for this litigation;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or reasonably knew of the information.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

1   (a) promptly notify in writing the Designating Party.  Such notification shall include a

2   copy of the subpoena or court order;

3   (b) promptly notify in writing the Party who caused the subpoena or order to issue in

4   the other litigation that some or all of the material covered by the subpoena or order is subject

5   to this Protective Order.  Such notification shall include a copy of this Stipulated Protective

6   Order; and

7   (c) cooperate with respect to all reasonable procedures sought to be pursued by the

8   Designating Party whose Protected Material may be affected.

9   If the Designating Party timely seeks a protective order, the Party served with the

10   subpoena or court order shall not produce any information designated in this action as

11   "CONFIDENTIAL" before a determination by the court or tribunal from which the subpoena

12   or order issued, unless the Party has obtained the Designating Party's permission.   The

13   Designating Party shall bear the burden and expense of seeking protection in that court of its

14   confidential material – and nothing in these provisions should be construed as authorizing or

15   encouraging a Receiving Party in this action to disobey a lawful directive from another court

16   or tribunal.

17   **9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

18

19   (a) The terms of this Order are applicable to information produced by a Non-Party in

20   this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties

21   in connection with this litigation is protected by the remedies and relief provided by this

22   Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from

23   seeking additional protections.

24   (b) In the event that a Party is required, by a valid discovery request, to produce a Non-

25   Party's confidential information in its possession, and the Party is subject to an agreement with

26   the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

27   ///

28   ///

1        1. promptly notify in writing the Requesting Party and the Non-Party that some

2  or all of the information requested is subject to a confidentiality agreement with a Non-Party;

3        2. if not confidential, promptly provide the Requesting Party with a copy of the

4  agreement between the Producing Party and the Non-Party that purportedly obligates the

5  Producing Party to not produce the Non-Party's confidential information;

6        3. promptly provide the Non-Party with a copy of the Stipulated Protective

7  Order in this litigation, the relevant discovery request(s), and a reasonably specific description

8  of the information requested; and

9        4. make the information requested available for inspection by the Non-Party.

10     (c) If the Non-Party fails to object or seek a protective order from this court within 14

11  (fourteen) days of receiving the notice and accompanying information, the Receiving Party

12  may produce the Non-Party's confidential information responsive to the discovery request.  If

13  the Non-Party timely seeks a protective order, the Receiving Party shall not produce any

14  information in its possession or control that is subject to the confidentiality agreement with the

15  Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-

16  Party shall bear the burden and expense of seeking protection in this court of its Protected

17  Material.

18        **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

19     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

20  Protected Material to any person or in any circumstance not authorized under this Stipulated

21  Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating

22  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies

23  of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures

24  were made of all the terms of this Order, and (d) request such person or persons to execute the

25  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

26        **11.    MISCELLANEOUS**

27     11.1   Right to Further Relief.  Nothing in this Order abridges the right of any person

28  to seek its modification by the court in the future.

11.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 141 unless otherwise instructed by the court.

**12.    FINAL DISPOSITION**

After the final disposition of this action, as defined in paragraph 4, upon the request of the Producing Party each Receiving Party must within 60 (sixty) days return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, and all other documents filed with the court, even if such materials contain Protected Material.

1    Any such archival copies that contain or constitute Protected Material remain subject to this

2    Protective Order as set forth in Section 4 (DURATION).

3              **IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

4

5    Dated: January 12, 2015                    BLOOD HURST & O'REARDON, LLP

6
                                               By:          s/  Leslie E. Hurst
7                                                        LESLIE E. HURST

8                                              701 B Street, Suite 1700
                                               San Diego, CA  92101
9                                              Tel: 619/338-1100
                                               619/338-1101 (fax)
10                                             tblood@bholaw.com
                                               lhurst@bholaw.com
11                                             toreardon@bholaw.com

12                                             ODENBREIT LAW, APC
                                               KATHERINE J. ODENBREIT (184619)
13                                             16835 Algonquin Street, Suite 221
                                               Huntington Beach, CA  92649
14                                             Tel: 888/490-3510
                                               kodenbreit@kjolaw.com
15
                                               *Attorneys for Plaintiff*
16

17
     Dated: January 12, 2015                    ROSEN ◇ SABA, LLP
18

19                                             By:          s/  Ryan D. Saba
                                                        RYAN D. SABA
20
                                               9350 Wilshire Boulevard, Suite 250
21                                             Beverly Hills, CA  90212
                                               Tel: 310/285-1727
22                                             310/285-1728 (fax)
                                               rsaba@rosensaba.com
23
                                               *Attorneys for Defendant*
24

25

26

27

28

                                          12              Case No. 1:14-cv-00894-WBS-BAM

00080089

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print   or   type   full   name],   of

4  _____ [print or type full address], have read and understand the Stipulated

5  Protective Order that was issued by the United States District Court for the Eastern District of

6  California on _____ [insert date] in the case of *Wilson v. Conair Corporation*,

7  Case No. 1:14-cv-00894-WBS-BAM. I agree to comply with and to be bound by all the terms

8  of this Stipulated Protective Order. In compliance with this Order, I will not disclose in any

9  manner any information or item that is subject to this Stipulated Protective Order to any person

10  or entity except in strict compliance with the provisions of this Order.

11      I further agree to submit to the jurisdiction of the United States District Court for the

12  Eastern District of California for the purpose of enforcing the terms of this Stipulated

13  Protective Order, even if such enforcement proceedings occur after termination of this action.

14      I declare under penalty of perjury under the laws of the United States of America that

15  the foregoing is true and correct.  Signed this _____ day of _____, 20___, at

16  _____ [insert city and state where sworn and signed].

17      Signature: _____

18

19

20

21

22

23

24

25

26

27

28

Case No. 1:14-cv-00894-WBS-BAM

STIPULATION AND ORDER GOVERNING CONFIDENTIAL INFORMATION

00080089

**ECF CERTIFICATION**

The filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated: January 12, 2015                    BLOOD HURST & O'REARDON, LLP

                                    By:              *s/ Leslie E. Hurst*
                                                    LESLIE E. HURST

Case No. 1:14-cv-00894-WBS-BAM

STIPULATION AND ORDER GOVERNING CONFIDENTIAL INFORMATION

00080089

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 12, 2015.


*s/  Leslie E. Hurst*
LESLIE E. HURST

BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
lhurst@bholaw.com

Case No. 1:14-cv-00894-WBS-BAM
STIPULATION AND ORDER GOVERNING CONFIDENTIAL INFORMATION

00080089

1

**ORDER**

2          Having reviewed the above Stipulated Order Governing the Designation and Handling

3    of Confidential Materials, IT IS HEREBY ORDERED that the Court finds that good cause

4    exists for the entry of this Order.   Accordingly, the Court ADOPTS the stipulation in its

5    entirety.  (Doc. 27).

6

7    IT IS SO ORDERED.

8          Dated:   **January 15, 2015**                     /s/ *Barbara A. McAuliffe*

9                                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND ORDER GOVERNING CONFIDENTIAL INFORMATION

00080089