UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA WILSON, et al., | Case No. 1:14-cv-00894-WBS-SAB |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |
| v. | |
| CONAIR CORPORATION, | (ECF Nos. 30, 32, 40, 41) |
| Defendant. | THIRTY DAY DEADLINE |

On March 16, 2015, Plaintiff Delia Wilson ("Plaintiff") filed a motion to compel. (ECF No. 30.) Plaintiff filed amended motions to compel on March 18, 2015 and April 7, 2015. (ECF No. 40.) On April 22, 2015, the parties filed Joint Statement Re: Plaintiff's Motion to Compel Further Responses to Discovery Requests. (ECF No. 41.)

The Court held oral argument on Plaintiff's motion to compel on April 29, 2015. Counsel Leslie Hurst appeared in person and counsel Katherine Odenbreidt appeared telephonically for Plaintiffs and counsel Ryan Saba and Momo Takahashi appeared for Defendant Conair Corporation. For the reasons set forth below, the Court shall grant in part Plaintiff's motion to compel.

I.

BACKGROUND

**A.     Plaintiff's Complaint**

The complaint in this matter was filed on June 11, 2014. (ECF No. 1.) Plaintiff brought

1

1  this lawsuit as a class action against Defendant Conair Corporation ("Defendant") and raises
2  three causes of action: 1) for violation of the Consumers Legal Remedies Act, California Civil
3  Code § 1750, et seq., 2) for violation of the Unfair Competition Law, California Business and
4  Professions Code § 17200, et seq., and 3) for breach of implied warranty.

5        Plaintiff alleges that Defendant manufactures a variety of curling irons, straightening
6  irons, and curling brushes. (Compl. ¶ 1.) Defendant's styling irons use a power cord connected
7  to the iron via a "stress relief." (Compl. ¶ 2.) Plaintiff alleges that Defendant expressly and
8  impliedly represent that their styling irons are well-designed and safe to use. (Compl. ¶ 4.)
9  Plaintiff alleges that she, and others similarly situated, purchased Defendant's styling irons based
10 upon those representations regarding their safety and suffered injury from using the styling irons.
11 (Compl. ¶ 5.)

12       In Plaintiff's case, Plaintiff alleges that she purchased a Conair Instant Heat 1½" Curling
13 Iron in early 2010. (Compl. ¶ 9.) Less than a month after it was purchased, the curling iron
14 malfunctioned and would not turn on. (Compl. ¶ 13.) Plaintiff contacted Conair's Customer
15 Service Department and received a replacement curling iron. (Compl. ¶ 13.) On February 12,
16 2014, the replacement curling iron malfunctioned, and the power cord began to crackle and emit
17 sparks. (Compl. ¶ 14.) A flash of sparks caused burns on Plaintiff's face and chest. (Compl. ¶
18 14.) Plaintiff received a corneal abrasion in her eye. (Compl. ¶ 15.) Plaintiff alleges that the
19 curling iron failed at the point where the curling iron's power cord meets the stress relief.
20 (Compl. ¶ 16.)

21       Plaintiff alleges that Defendant knew or should have known that its styling irons were
22 defective. (Compl. ¶ 21.) Plaintiff alleges that Defendant received complaints about similar
23 incidents with the power cord from consumers as early as 2012. (Compl. ¶ 21.) Plaintiff further
24 alleges that Defendant failed to warn consumers about the defects in its styling irons. (Compl. ¶
25 24.)

26       Plaintiff seeks to bring this action on behalf of a class defined as "All persons who
27 purchased Conair Styling Irons in California." (Compl. ¶ 30.) Plaintiff alleges that Defendant
28 violated the California Consumers Legal Remedies Act through its misrepresentations regarding

the safety of their styling irons. (Compl. ¶¶ 40-47.) Plaintiff alleges that Defendant violated the California Unfair Competition Law by its misrepresentations and omissions regarding the safety of their styling irons. (Compl. ¶¶ 48-58.) Plaintiff alleges that Defendant breached the implied warranty with respect to their styling irons because of the safety defects inherent in the styling irons. (Compl. ¶¶ 59-72.)

### B. Plaintiff's Discovery Requests

On December 12, 2014, Plaintiff propounded upon Defendant one set of requests for production and one set of interrogatories. Initially, Defendant objected to the discovery requests without providing a substantive response. After meeting and conferring, Defendant provided some responses, but the parties continue to dispute the adequacy of Defendant's responses.

Plaintiff identifies two overarching disputes with respect to the discovery requests. First, the parties dispute the format on which electronically stored information is to be produced. Plaintiff requests ESI to be produced in "native" format or, alternatively, in TIFF format with accompanying metadata. Defendant contends ESI should be produced in PDF format.

Second, the parties dispute the scope of appropriate discovery. Plaintiff seeks documents and information pertaining to 45 models of styling irons. Defendant contends that discovery should be limited in scope to the two models used by Plaintiff, the "CD13" curling iron and the "CD87" curling iron which was sent to Plaintiff as a replacement for the CD13 when it would no longer turn on. Defendant argues that responding to Plaintiff's discovery requests with respect to all 45 models of styling irons would take approximately 880 man hours of work. Defendant further argues that this action is essentially one arising from false advertising. The only product falsely advertised to Plaintiff was the CD13 model Plaintiff purchased, as the CD87 model was one that was provided to Plaintiff as a replacement and not one Plaintiff was induced to purchase or request due to advertising. Defendant argues discovery should be, at most, limited to these models.

## II.

## LEGAL STANDARDS FOR MOTIONS TO COMPEL

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in

pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1) *In General*.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Rule 37 states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 37 also provides that attorney's fees must be awarded to the party that prevails on a motion to compel or the party who successfully opposes a motion to compel. Fed. R. Civ. P. 37(a)(5). If the motion to compel is granted in part and denied in part, the Court has discretion to apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C).

## III.

## DISCUSSION

### A.   Format for Electronically Stored Information

The parties dispute the proper format for producing electronically stored information. On the subject of ESI, the Federal Rules state:

> **(E)** *Producing the Documents or Electronically Stored Information*. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
> **(i)** A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
> **(ii)** If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
> **(iii)** A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E). The 2006 Advisory Committee Notes for Rule 34 further state:

> If the requesting party is not satisfied with the form stated by the responding party, or if the responding party has objected to the form specified by the requesting party, the parties must meet and confer under Rule 37(a)(2)(B) in an effort to resolve the matter before the requesting party can file a motion to compel. If they cannot agree and the court resolves the dispute, the court is not limited to the forms initially chosen by the requesting party, stated

> by the responding party, or specified in this rule for situations in which there is no court order or party agreement.
>
> ...
>
> Rule 34(a) requires that, if necessary, a responding party "translate" information it produces into a "reasonably usable" form. Under some circumstances, the responding party may need to provide some reasonable amount of technical support, information on application software, or other reasonable assistance to enable the requesting party to use the information. The rule does not require a party to produce electronically stored information in the form it which it is ordinarily maintained, as long as it is produced in a reasonably usable form. But the option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation. If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature.

Fed. R. Civ. P. 34 advisory committee's note.

In this case, Plaintiff requested that ESI be produced in its native format. However, the parties advise the Court that at least some ESI in Defendant's possession exists in a proprietary, third-party "STARS" format which cannot be accessed by Plaintiff. Defendant initially produced ESI in PDF format, whereas Plaintiff requests that the data be converted into TIFF files with accompanying files containing metadata. In the Joint Statement, Defendant indicates that they are willing to produce all future documents in TIFF format.

Plaintiff also argues that some ESI is natively stored in Microsoft Excel format, such as Defendant's Sales and Return system, but Defendant produced the data in PDF format. Defendant argues that Excel formatting was not feasible because Defendant redacted some of the ESI produced to Plaintiff, which would not be possible in Excel format. Plaintiff seeks to have Defendant produce the sales and return data in Excel format. During the April 30, 2014 hearing,

Defendants have produced the data which exists in the STARS format to Plaintiff in a PDF format. Plaintiff contends that data produced in the TIFF format is more efficient, cost effective, and better suited for use inside a database application and it will require additional work to get the data produced in PDF format into a usable state. Additionally, Plaintiff seeks to have the STARS data produced in Excel format. Defendant counters that this information has

1  been produced in PDF format because it contains redactions which make the data unable to be
2  produced in Excel form without distortion of the data.  During the April 29, 2015 hearing,
3  Defendant agreed to produce the STARS files in Excel format.
4     The Rules do not require a party to produce ESI in the form most helpful to the opposing
5  party.  U.S. ex rel. Carter v. Bridgepoint Educ., Inc., __ F.R.D. __, 2015 WL 818032, at *15
6  (S.D. Cal. Feb. 20, 2015).  Defendant is unable to produce the STARS data in its native format as
7  it would be unreadable to Plaintiff.  Defendant is not required produce the same electronically
8  stored information in more than one form, Fed. R. Civ. P. 34(b)(2)(E)(iii).  Defendant has agreed
9  to produce any additional discovery in TIFF format, and that shall be the order of the Court.
10    Plaintiff also contends that Defendant has produced files in PDF format without
11 associated metadata.  Defendant counter that they have agreed to produce all further files with
12 the associated metadata.  When the potential relevance of metadata is not questioned then it is
13 discoverable.  U.S. ex rel. Carter, 2015 WL 818032, at *11.  "[T]he extent to which the requested
14 party must supply metadata depends on the form in which the ESI whose metadata is sought is
15 kept in the ordinary course of business."  U.S. ex rel. Carter, 2015 WL 818032, at *11.  For those
16 documents already produced that are the subject of this dispute, Defendant shall produce the
17 associated metadata if they have not already done so.

18         **B.**    **Scope of Discovery**

19    Plaintiff seeks discovery on forty-five styling irons that Defendant sells which contain the
20 same power cord and stress relief as the model she was using at the time she was injured.
21 Defendant counters that, at the precertification stage, discovery should be limited to only those
22 models that Plaintiff owned and used as information about other products is beyond the scope of
23 the allegations in the complaint.
24    "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
25 party's claim or defense. . . .  Relevant information need not be admissible at the trial if the
26 discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.
27 R. Civ. P. 26(b)(1). Relevancy is broadly defined for the purposes of discovery, but it does have
28 "ultimate and necessary boundaries."  Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal.

6

2006) (citations omitted).

"Prior to certification of a class action, discovery is generally limited and in the discretion of the court." Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006). Generally, it is the plaintiff's burden to make a "prima facie showing that the class actions requirements of Federal Rule of Civil Procedure 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." Del Campo, 236 F.R.D. at 459 (quoting Tracy v. Dean Witter Reynolds, 185 F.R.D. 303, 304 (D.Co.1998). Especially when the material is in the possession of the defendant, the court should allow the plaintiff enough discovery to obtain evidence as to whether a class action is maintainable. Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977). The court should consider "the need for discovery, the time required, and the probability of discovery providing necessary factual information" in exercising its discretion to allow or prohibit discovery. Doninger, 564 F.2d at 1313.

To make a prima facie showing under Rule 23(a) of the Federal Rules of Civil Procedure a plaintiff must meet the prerequisites of numerosity, commonality, typicality, and adequacy of representation. Plaintiff must show "(1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class." Ogden v. Bumble Bee Foods, LLC, 292 F.R.D. 620, 622 (N.D. Cal. 2013) (internal punctuation and citation omitted). Defendant contends that Plaintiff cannot meet the requirements of commonality and typicality in this action.

At this point in the litigation it seems that Plaintiff will be able to meet the numerosity requirement. There were 9,467,819 curling irons of the model that Plaintiff was using at the time she was injured sold during the relevant time period. Defendant has provided complaint data for the model which Plaintiff was using at the time she was injured that identified 91 complaints nationwide over a ten year period. The parties are unable to determine at this point how many were sold in California. Plaintiff needs discovery to determine if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

The commonality requirement is satisfied where "there are questions of law or fact that are common to the class." Fed. R. Civ. P. 23(a)(2). The key inquiry is "whether class treatment will 'generate common answers apt to drive the resolution of the litigation.' " Arredondo v. Delano Farms Co., 301 F.R.D. 493, 503 (E.D. Cal. 2014) (citations omitted). Plaintiff alleges a common question of whether the defendant was aware that the styling irons were inherently defective and could malfunction in the normal course of use, and whether the representations of the products safety was likely to deceive. (ECF No. 1 at ¶ 33(ii)(iv).

Plaintiff alleges that while she was using the curling iron the power cord began to crackle and emit sparks. (Compl. ¶ 14.) Although she immediately put the curling iron down, it emitted a flash of sparks that showered the right side of her face and chest burning her skin. (Id.) She also received an eye injury. (Id.) Plaintiff contends that the curling iron failed at the point where the power cord met the stress relief. (Id. at ¶ 16.) Plaintiff also alleges that several other complaints were received by Defendant from other consumers that alleged similar incidents. (Id. at ¶ 21.) Plaintiff contends that consumers have also reported that their styling irons will improperly regulate their temperature, overheat, melt, or more commonly cease operation. (Id. at ¶ 22.)

Plaintiff runs into problems for the discovery she seeks in regards to typicality. Plaintiff seeks discovery on any malfunctions on the forty-five styling irons that contain a similar power cord. However, typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" This does not require the claims to be substantially identical, but that the representatives claims be "reasonably co-extensive with those of the absent class members." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). Typicality is determined by looking to the nature of the claims of the class representatives and tests "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (quoting Schwartz v. Harp, 108 F.R.D. 279, 282 (C.D.Cal.1985)).

Plaintiff alleges that she purchased a styling iron that failed to turn on after a month and the replacement styling iron failed where the power cord met the stress relief. Plaintiff alleges that other consumers have experienced the same failure of the power cord. The parties have identified forty-five styling irons that have the same power cord and stress relief as the model that injured Plaintiff. Plaintiff's allegations are sufficient to establish typicality only for those claims where an individual experienced a similar failure of the power cord. Plaintiff has not made a prima facie case for any malfunction of styling irons manufactured by Defendant.

The Court finds that Plaintiff has sufficiently pled a prima facie case to be allowed discovery to determine if other individuals have experienced similar failure in those forty-five models with the similar power cord and stress relief. Therefore, Defendants shall be ordered to supplement their responses to Request for Production No. 18 for all forty-five models where the complaint is a failure of the power cord. If ambiguity exists as to the reasons for the complaint, Defendant shall err on the side of caution and produce such documents.

However, Plaintiff's request to require Defendant to produce additional discovery on the forty-five models is denied at this time. If after production of these documents, the parties dispute whether further production is warranted, the Court will revisit the scope of discovery and who should bear the cost of production.

### C. Individual Requests for Production of Documents

In the joint statement, Plaintiff states that resolving the method of production and scope of discovery request will resolve all but two of the requests for production and interrogatories identified in the joint statement. However, Plaintiff does not identify which two discovery requests are still unresolved.

Based upon the Court's finding that Plaintiff is only to receive discovery on the consumer complaints for the forty-five models identified as having a similar power cord and stress relief, Plaintiff's requests for further production are denied except as follows.

1. <u>Request for Production No. 9</u>

Plaintiff's Request for Production No. 9 seeks:

All Documents reflecting or relating to any Failure Mode and Effects Analyses ("FMEA") conducted on Your Styling Irons, including, but not limited to, FMEA standards You contend apply to Your Styling Irons, documented risks of failures associated with Your Styling Irons, recommended actions to eliminate/reduce failures associated with Your Styling Irons, and such completed actions.

Defendant's response to Request No. 9 states:

OBJECTION. Defendant incorporates its General Objections and Objections to Definitions and Instructions as though fully set forth herein. This Request impermissibly seeks information protected by the attorney/client privilege and/or work product doctrine. This Request is overbroad, burdensome and harassing in seeking every document related to Failure Mode and Effects Analyses, including standards, documented risks of failures and recommended actions for reduction and elimination of failures, without limitations. Further, this Request is overbroad as to time and seeks irrelevant documents not related to a claim or defense.

Plaintiff contends that during meet and confers, Defendant stated it could not provide a substance response to this request because the term "Failure Mode and Effects Analyses" was unfamiliar. Plaintiff alleges that the term is common in the industry and explained that she was seeking documents concerning analysis or investigation of problems or failures of the styling wands, including root cause analysis and corrective actions taken by Defendant. Plaintiff argues that if no such documents exist Defendant should be ordered to provide a supplemental response stating there are no responsive documents.

Defendant contends that it does not have any documents with such a designation and in order to comply with the request, they produced engineering and testing reports, including UL reports related to the curling iron at issue here.

Federal Rule of Civil Procedure 34 provides that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." While Defendant contends that documents responsive to Request No. 9 were produced, Defendant's response does not indicate whether responsive documents exist or if they have been produced. Defendant shall produce a supplemental response to Request for Production No. 9 producing or indicating what documents that have already been produced are responsive to this request for the CD87 styling wand, or if no responsive documents exist so stating.

2.   Request for Production No. 18

Request for Production No. 18 seeks "[a]ll Documents reflecting or relating to any customer complaints regarding any malfunctioning, accidents, or injuries involving Your Styling Irons."

The scope of this request has been addressed above, however, Plaintiff also complains that Defendants have produced a redacted PDF of the STARS data system and the document should not be redacted. Defendant contends that releasing the information to Plaintiff would violate the individual's privacy rights and likely subject them to further litigation.

The right to privacy at issue here is a recognized state privilege in a federal action based upon diversity jurisdiction. Hill v. Eddie Bauer, 242 F.R.D. 556, 563 (C.D. Cal. 2007). Article I, Section I of the California Constitution states that among the inalienable rights of the people is the right to privacy. This right to privacy is not absolute, but is subject to invasion depending upon the circumstances. Bible v. Rio Properties, Inc., 246 F.R.D. 614, 620 (C.D. Cal. 2007).

"When the constitutional right of privacy is involved, 'the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced.' " Artis v. Deere & Co., 276 F.R.D. 348, 352 (N.D. Cal. 2011) (citations omitted). Compelled discovery that falls within the right of privacy cannot be solely justified on the grounds that it could lead to relevant information. Artis, 276 F.R.D. at 352. Generally, however, at the pre-class certification stage, all parties are entitled to equal access to the individuals who potentially have an interest in or knowledge relevant to the subject matter of the litigation but are not yet parties. Id.

In this instance, Plaintiff is seeking names and contact information of the individuals who have submitted complaints regarding the forty-five styling wands. Defendants are unable to identify where the individuals purchased their styling wands and for that reason release of the data will result in the disclosure of personal information for a significant amount of individuals that do not fall within the class to which this action applies. However, the information sought by Plaintiff is not particularly sensitive. Artis, 276 F.R.D. at 353 ("the disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does

11

1 not involve revelation of personal secrets, intimate activities, or similar private information,
2 which have been found to be serious invasions of privacy") (citation omitted).

3       Plaintiff has a need for this information in order to satisfy the class certification
4 requirements of Rule 23. Balancing Plaintiff's need for the information with the individuals'
5 privacy interests and the Defendant's inability to determine which of the individuals could
6 potentially belong to the class here, the Court finds it appropriate to ensure that the information
7 released is protected. Therefore, the names and contract information shall only be produced to
8 Plaintiff's counsel and shall only be used in this litigation. Defendant is ordered to supplement
9 the response to Request No. 18 consistent with this order.

10       3. <u>Request for Production No. 30</u>

11       Plaintiff's Request for Production No. 30 seeks "All Documents sufficient to identify
12 each Person, business, regulatory agency, governmental or non-governmental entity, expert, or
13 any other third party that You consulted with or were advised by regarding the safety risks of
14 Your Styling Irons to consumers from 2005 to the present."

15       Plaintiff contends that during meet and confer she clarified that she is seeking the identity
16 of any person or organization Conair consulted with or who advised Conair regarding safety
17 risks associated with any or all of the forty-five models. Additionally, Plaintiff limited the safety
18 risks to risks of sparking flaming, electrocution, or burning. During the meet and confer
19 Defendant stated that it has already produced testing documents related to the CD87. Plaintiff
20 argues that Defendant's response was incomplete and evasive.

21       Defendant does not address the argument that the response was incomplete and evasive,
22 but argues that Plaintiff cannot establish the Rule 23 requirements and since they have provided
23 UL reports for 6 other products they have provided a sufficient sampling.

24       Defendant shall produce any documents responsive to Request for Production No. 30
25 subject to Plaintiff's limitations during the meet and confer for the CD87. If no additional
26 documents exist beyond those already produced, Defendant shall identify which documents are
27 responsive to the request.

28       **IV.**

12

**CONCLUSION AND ORDER**

Based on the forgoing, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART as follows:

    a. Defendant shall produce further ESI documents in native format if feasible or TIFF format with the associated metadata;

    b. Plaintiff's request for supplemental production on the forty-five styling wands is GRANTED for Request for Production No. 18 and this data shall be unredacted and produced in the Excel format;

    c. Plaintiff's request for supplemental production is GRANTED for Request for Production Nos. 9 and 30 as limited by this order;

    d. Plaintiff's motion to compel is denied in all other respects;

2. Defendant shall serve supplemental responses within thirty days from the date of service of this order; and

3. Failure to serve supplemental responses in compliance with this order will result in the issuance of sanctions.

IT IS SO ORDERED.

Dated: **April 30, 2015**

UNITED STATES MAGISTRATE JUDGE