# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA WILSON, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONAIR CORPORATION,<br><br>Defendant. | Case No. 1:14-cv-00894-WBS-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL WITHOUT PREJUDICE<br><br>(ECF Nos. 51, 52, 55, 57) |

Currently before the Court is Plaintiff's Second Motion to Compel Responses to Discovery Requests in this action.

## I.

## BACKGROUND

### A.  Plaintiff's Complaint

The complaint in this matter was filed on June 11, 2014.  (ECF No. 1.)  Plaintiff Delia Wilson brought this lawsuit as a class action against Defendant Conair Corporation ("Defendant") and raises three causes of action: 1) for violation of the Consumers Legal Remedies Act, California Civil Code § 1750, et seq., 2) for violation of the Unfair Competition Law, California Business and Professions Code § 17200, et seq., and 3) for breach of implied warranty.

Plaintiff alleges that Defendant manufactures a variety of curling irons, straightening

1

irons, and curling brushes.  (Compl. ¶ 1.)  Defendant's styling irons use a power cord connected to the iron via a "stress relief."  (Compl. ¶ 2.)  Plaintiff alleges that Defendant expressly and impliedly represent that their styling irons are well-designed and safe to use.  (Compl. ¶ 4.)  Plaintiff alleges that she, and others similarly situated, purchased Defendant's styling irons based upon those representations regarding their safety and suffered injury from using the styling irons.  (Compl. ¶ 5.)

In Plaintiff's case, Plaintiff alleges that she purchased a Conair Instant Heat 1½" Curling Iron in early 2010.  (Compl. ¶ 9.)  Less than a month after it was purchased, the curling iron malfunctioned and would not turn on.  (Compl. ¶ 13.)  Plaintiff contacted Conair's Customer Service Department and received a replacement curling iron.  (Compl. ¶ 13.)  On February 12, 2014, the replacement curling iron malfunctioned, and the power cord began to crackle and emit sparks.  (Compl. ¶ 14.)  A flash of sparks caused burns on Plaintiff's face and chest.  (Compl. ¶ 14.)  Plaintiff received a corneal abrasion in her eye.  (Compl. ¶ 15.)  Plaintiff alleges that the curling iron failed at the point where the curling iron's power cord meets the stress relief.  (Compl. ¶ 16.)

Plaintiff alleges that Defendant knew or should have known that its styling irons were defective.  (Compl. ¶ 21.)  Plaintiff alleges that Defendant received complaints about similar incidents with the power cord from consumers as early as 2012.  (Compl. ¶ 21.)  Plaintiff further alleges that Defendant failed to warn consumers about the defects in its styling irons.  (Compl. ¶ 24.)

Plaintiff seeks to bring this action on behalf of a class defined as "All persons who purchased Conair Styling Irons in California."  (Compl. ¶ 30.)  Plaintiff alleges that Defendant violated the California Consumers Legal Remedies Act through its misrepresentations regarding the safety of their styling irons (Compl. ¶¶ 40-47); violated the California Unfair Competition Law by its misrepresentations and omissions regarding the safety of their styling irons (Compl. ¶¶ 48-58); and breached the implied warranty with respect to their styling irons because of the safety defects inherent in the styling irons (Compl. ¶¶ 59-72).

On December 4, 2014, a scheduling order issued in this action setting forth pretrial

1 deadlines. (ECF No. 26.) Plaintiff filed a motion to compel which was granted in part and 2 denied in part on April 30, 2015. (ECF No. 46.) On July 22, 2015, Plaintiff filed this second 3 motion to compel. (ECF No. 51.) On August 5, 2015, the parties filed a joint statement 4 regarding the discovery disagreement. (ECF No. 52.) On August 10, 2015, Defendant filed an 5 opposition to the joint statement. (ECF No. 55.) On August 11, 2015, the Court issued an order 6 vacating the hearing on the motion and ordering Plaintiff to file a reply to Defendant's 7 opposition. (ECF No. 56.) On August 12, 2015, Plaintiff filed a reply. (ECF No. 57.)

## II.

## MOTION TO COMPEL LEGAL STANDARD

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1)** *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Rule 37 states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 37 also provides that attorney's fees must be awarded to the party that prevails on a motion to compel or the party who successfully opposes a motion to compel. Fed. R. Civ. P. 37(a)(5). If the motion to compel is granted in part and denied in part, the Court has discretion to apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C).

## III.

## DISCUSSION

The joint statement re discovery dispute filed in this action seeks to compel production of products returned to Defendant for problems related to failure or malfunction of the cord and to establish a deadline for documents responsive to the motion to compel granted on April 30, 2015. (ECF No. 52.) Defendant opposes the statement contending that it is not a joint statement as Plaintiff added a response to Defendant's portion of the statement and the second motion to

compel after the original joint statement was presented for consideration by Defendant and without providing Defendant an opportunity to respond. (ECF No. 55.)

### A. Motion to Compel Production of Styling Irons

Federal Rule of Civil Procedure 34 provides that a party may serve upon any other party a request for production of any tangible thing within the party's possession, custody, and control. Fed. R. Civ. P. 34(a)(1)(B). Pursuant to Rule 34, Plaintiff served upon Defendant Requests for Production seeking production of "all Products returned to Conair for problems related to sparking, flashing, popping, fires, or any line cord failure or malfunction. (ECF No. 52-1 at 19.[1]) Defendant did not produce the things requested, but objected stating:

> The definition of "Products" used by Plaintiff for this request is "Conair's straightening irons, curling irons, wands, curling brushes, crimpers, and all similar styling items manufactured with the following: 1) LM 81 stress release; and 2) 20-guage line cord." The allegations in the Complaint define the alleged products at issue in this litigation as "Styling Irons" and limit this term to mean "curling irons, straightening irons and curling brushes." Accordingly, Conair objects that this interrogatory is overbroad and seeks information that is irrelevant and beyond the scope of the allegations in the Complaint.
>
> Additionally, this interrogatory is overbroad as it is not limited by time. Further, this interrogatory is oppressive and burdensome.

The parties have meet and conferred and have been unable to resolve this dispute without the intervention of the Court. Plaintiff has had an expert analyze her curling iron which sparked on February 12, 2014. Plaintiff contends that this testing revealed a defect in the power cord. Plaintiff seeks the styling irons to have testing conducted to see if they contain similar defects. (Joint Statement 3, ECF No. 52.) Plaintiff contends that items returned with a line cord rupture are placed in an "LCR bin. (Id. at 4.) Plaintiff seeks 12 to 40 styling irons with ruptured cords for testing. (Id.)

Relevant to the issue the Court shall address here, Defendant contends that Plaintiff has failed to meet her burden to show that additional testing will yield any evidence to support the claims in this action. Defendant asserts that it has provided discovery consistent with the Court's prior order which revealed that between February 2005 and April 2015 there had been 316

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

complaints and there were only similar issues in 24 of the 45 different models for which the Court ordered discovery. (Id. at 9.) Defendant contends there were 89 time relevant complaints and only 11 were from individuals who reside in California, which is the class at issue in this action. (Id.) Defendant also argues that, similar to her prior motion to compel, Plaintiff has not shown typicality to entitle her to the broad range of styling irons that she is requesting. (Id. at 14.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is broadly defined for the purposes of discovery, but it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted).

"Prior to certification of a class action, discovery is generally limited and in the discretion of the court." Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006). Generally, it is the plaintiff's burden to make a "prima facie showing that the class actions requirements of Federal Rule of Civil Procedure 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." Del Campo, 236 F.R.D. at 459 (quoting Tracy v. Dean Witter Reynolds, 185 F.R.D. 303, 304 (D.Co.1998). Especially when the material is in the possession of the defendant, the court should allow the plaintiff enough discovery to obtain evidence as to whether a class action is maintainable. Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977). The court should consider "the need for discovery, the time required, and the probability of discovery providing necessary factual information" in exercising its discretion to allow or prohibit discovery. Doninger, 564 F.2d at 1313.

To make a prima facie showing under Rule 23(a) of the Federal Rules of Civil Procedure a plaintiff must meet the prerequisites of numerosity, commonality, typicality, and adequacy of representation. Plaintiff must show "(1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class;

1  and (4) that the representative parties will fairly and adequately protect the interests of the class."
2  Ogden v. Bumble Bee Foods, LLC, 292 F.R.D. 620, 622 (N.D. Cal. 2013) (internal punctuation
3  and citation omitted).

4        The December 4, 2014 scheduling order provides that the motion to certify the class must
5  be filed on or before January 5, 2016.  Currently no such motion has been filed.  While the Court
6  is to allow Plaintiff to conduct discovery to obtain evidence on whether a class action is
7  maintainable, the discovery requested here goes to the merits of the action and not class
8  certification.  Plaintiff is seeking to conduct destructive testing on other styling wands that were
9  returned for sparking issues to determine if they contain the same defect as she alleges was found
10 by her expert.  However, at this juncture, the Court is unable to determine the appropriate scope
11 of the discovery requested.

12       Based upon the discovery to date, there are approximately ten similar instances within the
13 class at issue in this action.  This may raise numerosity, as well as typicality, as issues that could
14 preclude class certification.  The discovery requested here is not reasonably calculated to obtain
15 admissible evidence regarding the numerosity or typicality of injuries suffered by the consumers
16 that could potentially be class members in this action, but addresses the merits of the action.
17 Additionally, the Court considers that the testing which Plaintiff seeks to conduct on these units
18 will be destructive.  The Court finds that Plaintiff's request to conduct testing on other styling
19 wands is premature at this stage of the litigation.  Once a motion for class certification is filed
20 and ruled upon, the Court and the parties will be able to determine the appropriate scope of
21 discovery on the merits in this action.

22       As previously stated, the motion for class certification shall be filed on or before January
23 5, 2016.  The scheduling order provides that discovery in this action will conclude on July 1,
24 2016.  Therefore, the Court finds that Plaintiff will not be prejudiced by delaying the requested
25 discovery as she will have approximately six months following the ruling on the motion for class
26 certification to conduct any additional discovery that will be relevant to the claims remaining
27 following decision on any such motion.

28       Since this action is still in the pre-class certification stage of discovery, Plaintiff's request

to compel the production of additional styling irons in Defendant's possession for testing is denied.

### B.   Motion to Compel Compliance with Court Order

In the joint statement, Plaintiff included a motion to compel production of discovery granted in the Court's prior order.  Plaintiff seeks to have the Court establish dates by which Defendant must produce e-mails and additional consumer complaints.  (ECF No. 52 at 17.) Defendant contends that Plaintiff added this second motion to compel after the joint statement had been approved by Defendant and without providing Defendant with an opportunity to address the motion. (ECF No. 55 at 6-14.)

Accordingly, Plaintiff's motion for the Court to establish dates by which Defendant must produce ESI discovery is DENIED.  The parties are ordered to meet and confer in an attempt to establish the appropriate scope of the discovery requested and an acceptable timeline for Defendant to produce documents responsive to discovery requests.[2]

### C.   Any Further Discovery Disputes Seeking Court Intervention Will Require the Personal Appearance of Counsel

In the opposition to the August 5, 2015 statement of discovery dispute, Defendant contends that Plaintiff filed the joint statement regarding Plaintiff's motion to compel without receiving the approval of Defendant.  Further Defendant states that he requested Plaintiff to change the date of the scheduled hearing so he could appear in person and Plaintiff refused. Plaintiff replies that the joint statement did not contain the signature of defense counsel and the declaration of counsel filed with the joint statement described why counsel was unable to secure the cooperation of the opposing party in executing the joint statement.

The statement filed by Plaintiff is entitled "Joint Statement Regarding Plaintiff's Motion to Compel Further Responses and Motion to Compel Compliance with Court Order." (ECF No.

---

[2] If all parties agree to participate, the Court is available to resolve discovery disputes informally.  The Court provides this option at the request of the parties to conserve resources and provide for expedited resolution of discovery disputes.  The informal discovery procedure can be found at the United States District Court for the Eastern District of California's website (http://www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB).  In the area entitled "Case Management Procedures," there is a link to "Standard Information" and the informal discovery dispute procedure is included at paragraph 7.  The process is only voluntary and parties are not required to participate if they do not wish.

52.) While Plaintiff points to the declaration of counsel, which was included after the twenty page joint statement and one hundred and thirty six page attachment, nothing in the joint statement itself indicated that there was a continuing dispute regarding the statement nor that Defendant objected to the joint statement. Further, the Court finds that the lack of Defendant's signature on the joint statement was insufficient to inform the Court that Plaintiff was submitting the joint statement without the consent of Defendant.

Plaintiff contends that Defendant has failed to provide timely discovery and refuses to settle these disputes through the informal discovery dispute procedure provided by this Court. Defendant argues that the delay in providing the requested ESI discovery is due to Plaintiff continually changing the ESI criteria which has prevented them from establishing the ESI protocol to be observed in this case. Further, Defendant asserts that Plaintiff refused to resolve the discovery dispute regarding the ESI discovery through the informal discovery process.

The parties have shown that meet and confer efforts in this action have not been successful in resolving these disputes and each assert it is due to the fault of the other party. Due to the parties' inability to meet and confer and resolve these issues, the parties are advised that the personal appearance of all counsel shall be required for any further motion to compel that is filed with the Court. The parties are encouraged to work together during meet and confer sessions prior to any scheduled hearing. However, if a resolution is not reached prior to the scheduled hearing, the parties shall be required to personally appear and should plan to engage in an extended meet and confer session with the assistance of the Court which could require an all-day appearance on the day of the scheduled hearing.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## VI.

## CONCLUSION AND ORDER

Based on the foregoing IT IS HEREBY ORDERED that Plaintiff's motion to compel filed July 22, 2015, is DENIED in its entirety.  Further, any further motions to compel will require that the parties personally appear on the date of the scheduled hearing to engage in extended meet and confer in an attempt to resolve the outstanding discovery issues.

IT IS SO ORDERED.

Dated:  **August 17, 2015**

UNITED STATES MAGISTRATE JUDGE