UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA WILSON, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CONAIR CORPORATION,<br><br>Defendant. | Case No: 1:14-cv-00894-WBS-SAB<br><br>CLASS ACTION<br><br>**ORDER REGARDING STIPULATION FOR PRODUCTION OF CERTAIN EMAILS BY CONAIR** |

It is stipulated that absent further agreement of the parties or further order of the Court, the following provisions shall govern the production of electronic mail records ("Emails").

**I.   RELEVANT EMAIL SOURCES FOR REVIEW AND POTENTIAL PRODUCTION**

Conair has identified Wayne Dieterle and Vito Carlucci as custodians ("Custodians") who are likely to have relevant Emails responsive to the Requests for Production of Documents propounded by Plaintiff (with the exception of RFP #18 regarding complaints). The parties agree that it is reasonable and appropriate to limit the scope of the Email search, review and production at this point in time to these Custodians. Nothing herein shall be deemed to limit any party's right to request Emails from additional custodians or to object to or limit discovery requests, including any requests for Emails. Further, nothing herein shall absolve the parties from fulfilling their ongoing duty to supplement in the event additional

1  custodians are identified. Conair will comply with its obligations to preserve all other Emails
2  and electronically stored information, not limited to the Custodians.

3  **II.     EMAIL COLLECTION, PROCESSING, REVIEW AND PRODUCTION**

4        **A.     *Scope***

5  Without restricting the freedom to use reasonable alternative methods including
6  Custodian self-collection, Conair will utilize the following methods for the collection and
7  production of Emails in fulfillment of its production obligations. Conair has agreed that it will
8  take reasonable steps to collect Emails (defined as electronic message attendant system header
9  information, including text and file attachments that are reasonably accessible) sent, created,
10 authored, received, forwarded or modified between June 1, 2008 and June 30, 2015, for the
11 agreed upon Custodians, from the Email systems and network storage locations utilized by the
12 Custodians to the extent such Emails are available and accessible. Plaintiff reserves her right
13 to request Conair to search additional terms, custodians and time periods. Plaintiff explicitly
14 reserves her right to seek emails from 2005 to 2008 and Conair reserves all objections.
15 Notwithstanding the aforementioned language, nothing herein is intended to obviate or
16 diminish the parties' legal obligation to preserve Emails reasonably expected to contain
17 potentially relevant information.

18       **B.     *Email Processing, Culling and Review Methodology***

19 In general, email processing, review, and production will include, but are not limited
20 to: (1) loading Emails into a review platform selected by Conair; (2) culling using filters based
21 upon file creation or modification or message dates, key word searching, and deduplication of
22 identical files; (3) review for responsiveness and privilege; and (4) production of responsive,
23 non-privileged Emails. Conair does not have an obligation to review Emails that are not
24 responsive to plaintiff's discovery requests; nor is Conair prevented from doing so.

25 The parties have met and conferred and agreed on the following key terms to be used
26 for Email searches:

27     1.     CD87*
    2.     LM81*
28     3.     "SPT-1* "

4. "SPT1*"
5. "20AWG*"
6. "20 AWG*"
7. "2x20AWG*"
8. "AWG #20*"
9. "AWG#20*"
10. "AWG20*"
11. ("20" OR "twenty") AND "gauge"
12. (("stress" OR "strain") AND ("relief" OR "release"))
13. Bushing
14. Blew up
15. Blow up
16. Circuit*
17. Crackl*
18. Explo*
19. pop*
20. SC-3G*
21. "short" AND "circuit*"
22. "Spark*"
23. "shock*"
24. "Delia" AND "Wilson"
25. "fire*"
26. "flam*"
27. "flar*"
28. "burn*"
29. "PVC"
30. "polyvinyl chloride"
31. "conductor*"
32. "insulat*"
33. (("line*" OR "cord*" OR "wire*") AND ("expose*"))"
34. (("line*" OR "cord*" OR "wire*") AND )"arc*"))
35. (("line*" OR "cord*" OR "wire*") AND ("break*"))
36. (("line*" OR "cord*" OR "wire*") AND ("brittle*"))
37. (("line*" OR "cord*" OR "wire*") AND ("crack*"))
38. (("line*" OR "cord*" OR "wire*") AND ("cure*"))
39. (("line*" OR "cord*" OR "wire*") AND ("split*"))
40. (("line*" OR "cord*" OR "wire*") AND ("rupture*"))
41. (("line*" OR "cord*" OR "wire*") AND ("defect*"))
42. (("line*" OR "cord*" OR "wire*") AND ("fail*"))
43. (("line*" OR "cord*" OR "wire*") AND ("malfunc*"))
44. (("line*" OR "cord*" OR "wire*") AND ("melt*"))
45. (("line*" OR "cord*" OR "wire*") AND ("overheat*"))
46. (("line*" OR "cord*" OR "wire*") AND ("problem*"))
47. (("line*" OR "cord*" OR "wire*") AND ("short*"))

48. ((“line*” OR “cord*” OR “wire*”) AND (“stress*” or “strain*”))
49. ((“line*” OR “cord*” OR “wire*” OR “CD87*”) AND (“Gold Edge”))
50. ((“line*” OR “cord*” OR “wire*” OR “CD87*”) AND (“HRS-CMC”))
51. ((“line*” OR “cord*” OR “wire*” OR “CD87*”) AND (“Luen Ming”))
52. ((“line*” OR “cord*” OR “wire*” OR “CD87*”) AND (“Millplan”))
53. ((“line*” OR “cord*” OR “wire*” OR “CD87*”) AND (“SureSource” OR “Brandshop”))
54. ((“line*” OR “cord*” OR “wire*” OR “CD87*”) AND (“UL” or “Underwriters Laboratories”))
55. ((“malfunc*” OR “event*” OR “fail*” OR “fault*” OR “prob* OR “arc*”) AND (“electr*”))
56. (“consumer” OR “customer”) AND “complain*”
57. CD10
58. CD80
59. CD81
60. CD86
61. CD89
62. CD96
63. CD301
64. CD302
65. CD303
66. BC40
67. BC37
68. BC100
69. BC84
70. BC86
71. BC10
72. CS4V
73. CS4
74. CS56
75. CS70
76. Plasticizer

The parties reserve their right to modify any key words agreed upon to refine the searches and improve precision in identifying relevant and discoverable documents, along with adding further terms that are reasonably calculated to lead to the discovery of admissible evidence. In the event Conair determines in good faith that modifications are required due to the production being unduly burdensome, counsel will meet and confer in an effort to agree upon modifications. In the event Plaintiff determines in good faith that additional terms are required, counsel will meet and confer in an effort to agree upon any proposed additions. If

the parties cannot agree on key words, either party may seek relief from the Court. Further, nothing herein shall absolve the parties from fulfilling their ongoing duty to supplement discovery by running newly identified search terms that will collect information responsive to discovery. Nothing herein shall be deemed to limit Conair's ongoing obligation under FRCP Rule 26 to supplement its production with new responsive emails in a timely manner.

### C.  *Deduplication*

Reasonable efforts for deduplication will be performed across all Custodians and all population of documents sometimes referred to as "*Global Deduplication*." The producing party will provide a single Custodian field that indicates the Custodian(s) or source(s) associated with the document.

### D.  *Format of Production*

The parties have agreed that, with the exception of documents to be produced in native format, documents shall be produced in Tagged Image Format image files ("TIFF") named with sequential Bates numbering with each page branded with sequential bates numbering. Documents produced in native format will also be produced in a static format (either PDF or TIFF). Any documents identified as "CONFIDENTIAL" in accordance with the parties' Stipulated Protective Order [Docket #28] shall be marked. Spreadsheets, PowerPoint presentations, and multimedia (*i.e.*, audio and video) files shall be produced in native file format named with sequential Bates numbering, except where image format is required for purposes of redaction. For all documents produced in native format, a single-paged placeholder with bates numbers shall be provided. Each production shall be accompanied by a corresponding electronic delimited text file using Relativity standard delimiters ("Relativity DAT files"), OPT and/or LFP image load files, and separate text files containing each document's extracted text or text generated through Optical Character Recognition ("OCR"). OCR text will only be provided for documents with redactions or documents that are hard copy in origin, but all other text will be extracted text. No Emails shall be wholly or partially redacted, including any Email sender and/or recipient identifier information, unless such information is deemed privileged and logged as required in Section III, *infra*.


## III. DOCUMENTS PROTECTED FROM DISCOVERY

### A. *Non-Waiver of Protected Information*

Nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection (including trade secret) or to affect the ability of a party to seek relief for the disclosure of information protected by privilege, work product protection, and trade secret information. *I*f a party produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protection. In such circumstances, the producing party must promptly notify in writing the other party to this action upon discovery of the production and the basis for the privilege or other protection, and request in writing the return of and confirmed destruction of all copies of the produced privileged or protected information.

Upon such notification, the parties shall treat the information as privileged or protected unless and until the parties agree otherwise or the Court determines the information is not privileged or protected. Within ten (10) business days of receiving such notification, all receiving parties shall (a) return the information, including all later created excerpts, summaries, compilations, and other documents or records that include, communicate or reveal the information claimed to be privileged or protected, to the producing party; or (b) confirm in writing to the producing party the destruction of all such information, including all later created excerpts, summaries, compilations, and other documents or records that include, communicate or reveal the information claimed to be privileged or protected, or (c) notify the producing party in writing of the basis for its disagreement that such information is privileged or protected from disclosure. In the latter event only, the receiving party may retain the information asserted to be privileged for the sole purpose of responding to a motion by the producing party to deem the information privileged or protected from disclosure and shall comply with (a) or (b) above with respect to all other copies of such information and all other documents or records that include, communicate or reveal information claimed to be privileged or protected.

Should the parties be unable to agree on whether the information is privileged or protected, the producing party shall be required to file a motion with the Court within (10) ten business days of its receipt of the receiving party's notice of disagreement under (c) above, to deem the matter privileged or protected and to obtain the return of any copy of such matter still held by the receiving party.

### B. *Log of Protected Information Withheld from Production*

Attorney-client communications to and from email domains identified with outside counsel for either party of this litigation from the date this action was filed to the present is presumed privileged and need not be entered on a privilege log. Otherwise, Emails withheld on the basis of privilege must be individually identified on a privilege log which includes for each communication or portion withheld (i) date the document or email was written; (ii) the identity and position of its author; (iii) the identity and position of all addressees and recipients; (iv) the general nature of the document (without disclosing its contents); and (v) the privilege asserted. If only a portion of an email string or document is privileged, the remainder of the email must be produced in redacted form, with the withheld portions of the email string or document listed in the privilege log. If attachments to an email are withheld on the basis of privilege, the attachments must be listed on the privilege log.

### C. *Relevant and Responsive Emails*

Conair is only required to produce Emails that are relevant to this litigation and are responsive to a proper Request for Production of Documents.

## IV. ADDITIONAL ISSUES

### A. *On-Site Inspections*

On-site inspections of Email shall not be permitted, except on mutual agreement of the parties or upon ruling of the Court following a showing of exceptional circumstances including good cause and specific need.

### B. *Continued Operation of Systems*

Nothing in this order shall prohibit the following actions taken in the ordinary course of business: (1) routine maintenance, operation, or replacement of computer systems or

1  equipment; and (2) upgrading, loading, reprogramming, customizing, or migrating software,
2  even if such actions modify or alter the way in which Email is maintained, stored, or viewed,
3  provided the integrity of the original Email is reasonably maintained.

4  **C.**  ***Spam and/or Virus Filtering***

5  Absent compelling circumstances and upon notice by a requesting party to a producing
6  party, any message, attachment or other electronically stored information that has been
7  identified by a spam or virus filter shall be treated as non-responsive and a party shall not be
8  required to preserve or produce such Email.

9  **D.**  ***Relief from the Court***

10 If the parties are unable to agree on a matter set forth in this Stipulation and Order;
11 need further clarification on any issue relating to the preservation, collection or production of
12 electronically stored information; or require modification of this Order any party may seek
13 appropriate relief from the Court.

14 Accordingly, IT IS HEREBY ORDERED that the stipulation of the parties is the order
15 of the Court.

17 IT IS SO ORDERED.

18 Dated:  **August 27, 2015**

19                                              UNITED STATES MAGISTRATE JUDGE