# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA WILSON, on behalf of herself and others similarly situated, | Case No.  1:14-cv-00894-WBS-SAB |
| Plaintiffs, | ORDER RE INFORMAL DISCOVERY DISPUTE |
| v. | (ECF Nos. 65, 66, 67) |
| CONAIR CORPORATION, | |
| Defendant. | |

On September 9, 2015, the Court conducted an informal discovery dispute teleconference in this action.  Counsel Leslie Hurst appeared for Plaintiff and counsel Ryan Saba and Momo Takahasi appeared for Defendant.

## I.

## BACKGROUND

Plaintiff brings this action on behalf of herself and others similarly situated alleging 1) violation of the Consumers Legal Remedies Act, California Civil Code § 1750, et seq., 2) violation of the Unfair Competition Law, California Business and Professions Code § 17200, et seq., and 3) breach of implied warranty.

Defendant manufactures a variety of curling irons, straightening irons, and curling brushes.  (Compl. ¶ 1.)  Defendant's styling irons use a power cord connected to the iron via a

1

"stress relief." (Compl. ¶ 2.) Plaintiff alleges that Defendant expressly and impliedly represent that their styling irons are well-designed and safe to use. (Compl. ¶ 4.) Plaintiff alleges that she, and others similarly situated, purchased Defendant's styling irons based upon those representations regarding their safety and suffered injury from using the styling irons. (Compl. ¶ 5.)

In Plaintiff's case, Plaintiff alleges that she purchased a Conair Instant Heat 1½" Curling Iron in early 2010. (Compl. ¶ 9.) Less than a month after it was purchased, the curling iron malfunctioned and would not turn on. (Compl. ¶ 13.) Plaintiff contacted Conair's Customer Service Department and received a replacement curling iron. (Compl. ¶ 13.) On February 12, 2014, the replacement curling iron malfunctioned, and the power cord began to crackle and emit sparks. (Compl. ¶ 14.) A flash of sparks caused burns on Plaintiff's face and chest. (Compl. ¶ 14.) Plaintiff received a corneal abrasion in her eye. (Compl. ¶ 15.) Plaintiff alleges that the curling iron failed at the point where the curling iron's power cord meets the stress relief. (Compl. ¶ 16.)

Plaintiff alleges that Defendant knew or should have known that its styling irons were defective. (Compl. ¶ 21.) Plaintiff alleges that Defendant received complaints about similar incidents with the power cord from consumers as early as 2012. (Compl. ¶ 21.) Plaintiff further alleges that Defendant failed to warn consumers about the defects in its styling irons. (Compl. ¶ 24.)

Plaintiff seeks to bring this action on behalf of a class defined as "All persons who purchased Conair Styling Irons in California." (Compl. ¶ 30.) Plaintiff alleges that Defendant violated the California Consumers Legal Remedies Act through its misrepresentations regarding the safety of their styling irons. (Compl. ¶¶ 40-47.) Plaintiff alleges that Defendant violated the California Unfair Competition Law by its misrepresentations and omissions regarding the safety of their styling irons. (Compl. ¶¶ 48-58.) Plaintiff alleges that Defendant breached the implied warranty with respect to their styling irons because of the safety defects inherent in the styling irons. (Compl. ¶¶ 59-72.)

/ / /

## II.

## PLAINTIFF'S REQUEST TO COMPEL DOCUMENT PRODUCTION

On December 12, 2014, Plaintiff propounded a request for production of e-mails in this action.  The parties have met and conferred to negotiate an ESI protocol for the production.  The parties have narrowed the e-mail production to two Conair employees, Wayne Dieterle and Vito Carlucci.  They have now agreed on a protocol and the search has been completed.  The parties disagree regarding the number of documents returned by the search.  Plaintiff asserts there are 47,199 e-mails and 19,592 documents; while Defendant contends that there are 60,267 e-mails and 69,307 documents to be reviewed.  Defendant argues that, given the document review in a similar class action, it will take approximately 2,384 hours or 10 weeks with 15 reviewers to review this material.

Plaintiff contends that delaying production until November 20, 2015 will prejudice her because the motion for class certification is due only six weeks later on January 6, 2015. Plaintiff will need to depose the two individuals prior to filing the motion for class certification and needs the e-mails prior to the depositions.  Plaintiff seeks an order for Defendant to produce the e-mails no later than October 5, 2015.

Balancing Plaintiff's need for the information to complete discovery on class certification and the burden on Defendant due to the amount of information to be reviewed, the Court orders Defendant to produce responsive documents on a weekly basis with the first production to be in three weeks.  All documents responsive to the request for production shall be produced on or before October 23, 2015.

## III.

## DEFENDANT'S REQUEST FOR DOCUMENT PRODUCTION

Conair does not sell to consumers, but distributes its products through retailers. Therefore, Plaintiff has subpoenaed records from seven large retailers on the sales and pricing, complaints, returns, and recalls of styling irons.  Defendant has propounded a request for production of all documents received from retailers in response to the subpoenas and all communication and documents exchanged with the retailers in connection with the subpoenas.

1    **A.      Production of Documents Responsive to Third Party Subpoenas**

2           Defendant seeks to have Plaintiff produce documents that were received in response to

3    the subpoenas and states that Plaintiff has refused to produce documents until all documents are

4    received from all retailers.  Defendant contends that Plaintiff has received documents but refuses

5    to identify which retailers have responded or produce any documents until an undetermined time.

6           Plaintiff contends that it is overly burdensome for her to produce documents on a rolling

7    basis and she does not want to produce any responsive documents until all production is

8    complete.  Plaintiff states that she will produce each set of documents after the production for

9    that retailer is complete, i.e. Target will be produced once all documents from Target are

10   received.

11          The Court shall order Plaintiff to produce documents responsive to each retailer subpoena

12   once all documents responsive to the subpoena for that retailer have been received.

13   **B.      Production of Communication with Retailers Regarding Subpoenas**

14          Defendant contacted Plaintiff's attorney and requested that Plaintiff provide the

15   documents responsive to the subpoenas and any communication with the retailers regarding

16   limiting the scope of the subpoenas.  Plaintiff refused the informal request and required

17   Defendant to serve a request for production of documents.  After Defendant served a request for

18   production of documents, Plaintiff refused to provide communication with the third party

19   retailers regarding the scope of the subpoenas claiming the information was not relevant and was

20   privileged.  At the telephonic hearing, Plaintiff asserted that the main objection is that the

21   documents are irrelevant in this action.

22          Defendant seeks production of the communication between Plaintiff and each retailer

23   limiting the scope of the subpoena.  Defendant argues that routine communication and

24   negotiations with the third party retailer regarding the scope of the subpoenas is not the proper

25   subject for work product protection; and Defendant is entitled to know the scope of the subpoena

26   to understand what the documents that are produced represent.

27          The work product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3), and

28   "protects from discovery documents and tangible things prepared by a party or his representative

in anticipation of litigation."   In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.), 357

F.3d 900, 906 (9th Cir. 2004).  Rule 26(b)(3) provides that:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> **(i)** they are otherwise discoverable under Rule 26(b)(1)[.]

Documents protected by the work product privilege may only be ordered produced where

the adverse party "shows that it has substantial need for the materials to prepare its case and

cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R.

Civ. P. 26(b)(3); Torf, 357 F.3d at 906.

> [T]he work-product privilege safeguards "written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties." Hickman v. Taylor, 329 U.S. 495, 510, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Such materials fall "outside the arena of discovery" because "[p]roper preparation of a client's case demands that [an attorney] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." Id. at 510–11, 67 S.Ct. 385.

United States v. Reyes, 239 F.R.D. 591, 598 (N.D. Cal. 2006).  The party claiming the protection

bears the burden of demonstrating the applicability of the work product doctrine.  Phillips v. C.R.

Bard, Inc., 290 F.R.D. 615, 634 (D. Nev. 2013), reconsideration denied (Aug. 7, 2013).

The documents at issue here are communications between Plaintiff's counsel and third

parties regarding compliance with the subpoena's duces tecum that were served upon the third

party.  While these documents were prepared for litigation, they document routine negotiations

regarding the scope of production in response to the subpoena.  "At its core, the work product

doctrine shelters the mental processes of . . . attorney[s], providing a privileged area within

which [they] can analyze and prepare [their] client's case."  Pac. Gas & Elec. Co. v. United

States, 69 Fed. Cl. 784, 789 (2006) (quoting United States v. Nobles, 422 U.S. 225, 238, 95 S.Ct.

2160, 45 L.Ed.2d 141 (1975)).  The Court finds that the communication at issue here, which is

solely regarding the negotiations between Plaintiff and the third party to address the scope of the

subpoenas, does not fall within the work product doctrine.

1  To the extent that the information would be protected by the work product doctrine,

2  Defendant has a substantial need to understand the scope of the subpoenas to interpret the

3  responsive documents that were produced.  For example, if the subpoena requests production of

4  documents for a specific time period and the subpoena has been narrowed to a different time

5  period, Defendant would assume from the subpoena that no documents for the excluded time

6  period existed.  Therefore, the Court finds that Defendant is entitled to information regarding the

7  actual scope of the subpoena.  Finally, requiring Defendant to obtain the information by deposing

8  each of the retailers on how the scope of the subpoena was narrowed would create an undue

9  hardship given that Plaintiff can easily provide such information without requiring the additional

10  expense of third party depositions.

11  The Court shall order Plaintiff to produce documents response to the request for

12  production.

## IV.

## CONCLUSION AND ORDER

15  Based on the foregoing, IT IS HEREBY ORDERED that:

16  1.  Plaintiff's request for production of e-mails is GRANTED.  Defendants shall

17      produce responsive documents on rolling basis.  Defendant's first rolling

18      production shall occur within three weeks of the date of service of this order and

19      continue weekly until production is complete.  All documents responsive to the

20      request shall be produced on or before October 23, 2015;

21  2.  Defendant's request for production of documents received in response to the third

22      party subpoenas is GRANTED IN PART.  Plaintiff shall produce documents

23      responsive to each retailer subpoena within seven days of receipt of the completed

24      production for that retailer;

25  3.  Defendant's request for production of communication with retailers regarding the

26      subpoenas is GRANTED.  Plaintiff shall produce all communication regarding

27      the subpoenas at the time the documents produced by that retailer are produced to

28      Defendant; and

1          4.          Failure to comply with this order may result in the imposition of sanction.

2

3    IT IS SO ORDERED.

4    Dated:    **September 11, 2015**                                              _____

                                                                 UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28