# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA WILSON, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONAIR CORPORATION,<br><br>Defendant. | Case No.  1:14-cv-00894-WBS-SAB<br><br>DENYING PLAINTIFF'S APPLICATION FOR MODIFICATION OF A COURT ORDER<br><br>(ECF Nos. 74, 75, 77) |

On October 8, 2015, this Court conducted an informal discovery dispute teleconference with the parties in this action.  (ECF No. 72.)  Following the conference, Plaintiff was ordered to provide Defendant with a "succinct description of the materials sought through discovery" on or before October 15, 2015.  (ECF No. 73.)  If the parties were unable to resolve the dispute, Plaintiff was to request an informal telephonic conference on or before September 29, 2015.  (ECF No. 73.)  On September 29, 2015, Plaintiff filed an ex parte application to modify the October 8, 2015 order.  (ECF No. 74.)  Defendant filed an opposition to the application on October 30, 2015.  (ECF No. 75.)  At the Court's request, on November 4, 2015, Plaintiff filed a response.  (ECF No. 77.)

In the ex parte application, Plaintiff states that she provided Defendant with a "succinct description of the materials sought through discovery" in compliance with the Court's order. Defendant replies that Plaintiff did not comply with the Court's order, but served further

1

1  discovery requests.  Plaintiff responds that the discovery requests were the "succinct description
2  of the materials sought through discovery."

3  　　　The Court has reviewed the discovery requests propounded to Plaintiff and they do not
4  comply with the order to provide Plaintiff with a "succinct description of the materials sought
5  through discovery."  On October 15, 2015, Plaintiff served a fourth request for interrogatories
6  containing one interrogatory which stated:

> For each of YOUR responses to Plaintiff's Third Set of Requests for Admissions (Nos. 13-25) that is not an unqualified admission:
> (1) state the number of the request;
> (2) state all facts upon which YOU base YOUR response;
> (3) state the names, addresses, and telephone numbers of all PERSONS who have knowledge of those facts; and
> (4) identify all DOCUMENTS and other tangible things that support YOUR response and state the name, address, and telephone number of the PERSON who has each DOCUMENT or thing.

12  (ECF No. 75-2.)  Plaintiff also served a fifth request for production of documents which stated,
13  "If YOUR response to any of Plaintiffs Third Set of Requests for Admissions (Nos. 13- 25) is
14  not an unqualified admission produce all documents supporting your response and/or denial."
15  (ECF No. 75-2.)  Finally, Plaintiff served a third request for admission setting forth thirteen
16  requests for admissions.  (ECF No. 75-2.)  In her response, Plaintiff contends that this request for
17  admissions is the "succinct description of the materials sought through discovery."  (Pl.'s
18  Response to the Court's Nov. 2, 2015 Order 3, ECF No. 77.)  The Court finds that a request for
19  admissions is not a "succinct description of the materials sought through discovery."

20  　　　Since Plaintiff served new requests for discovery, pursuant to the Federal Rules of Civil
21  Procedure, Defendant has thirty days to respond and the October 8, 2015 order is moot.
22  Accordingly, the Court denies Plaintiff's motion for an extension of time to request an informal
23  telephonic conference as the responses to the discovery request are not yet due.

24  　　　In the November 4, 2015 response, Plaintiff requests an order on her motion to compel.
25  However, there is no motion to compel currently pending before the Court.  Most recently the
26  parties requested an informal discovery dispute conference and the Court found that it was
27  unable to resolve the dispute without a more succinct description of the materials sought by
28  Plaintiff.  (ECF No. 73.)  At this time, all the discovery disputes that have been brought before

the Court have been addressed.

If the parties are unable to resolve the remaining issues, a motion to compel can be filed after the date by which the discovery responses are due. In the event that a motion to compel becomes necessary, the parties shall contact the courtroom deputy to determine a date by which the Court and parties are available. The parties shall set the motion to compel for hearing on that date and will be required to appear at 8:00 a.m. and should plan to spend the day meeting and conferring until they are able to resolve the dispute. During the course of the meet and confer, the Court will periodically check in on the parties' progress in resolving the outstanding issues.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application for an order modifying the October 8, 2015 order is DENIED.

IT IS SO ORDERED.

Dated:   **November 6, 2015**

UNITED STATES MAGISTRATE JUDGE