# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA WILSON, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONAIR CORPORATION,<br><br>Defendant. | Case No. 1:14-cv-00894-WBS-SAB<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL THIRD PARTY SURESOURCE TO PRODUCE RESPONSIVE DOCUMENTS AND VACATING DECEMBER 9, 2015 HEARING<br><br>(ECF No. 79, 85, 86) |

Currently before the Court is Plaintiff's motion to compel non-party SureSource to produce documents responsive to a subpoena duces tecum. The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on December 9, 2015 will be vacated and the parties will not be required to appear at that time.

**I.**

**BACKGROUND**

Plaintiff Delia Wilson purchased a Conair Instant Heat 1½" Curling Iron in early 2010. (Compl. ¶ 9.) Less than a month after it was purchased, the curling iron malfunctioned and would not turn on. (Compl. ¶ 13.) Plaintiff contacted Conair's Customer Service Department and received a replacement curling iron. (Compl. ¶ 13.) On February 12, 2014, the replacement

1

curling iron malfunctioned, and the power cord began to crackle and emit sparks. (Compl. ¶ 14.) A flash of sparks caused burns on Plaintiff's face and chest. (Compl. ¶ 14.) Plaintiff received a corneal abrasion in her eye. (Compl. ¶ 15.) Plaintiff alleges that the curling iron failed at the point where the curling iron's power cord meets the stress relief. (Compl. ¶ 16.)

Plaintiff filed a class action complaint on June 11, 2014, against Defendant Conair Corporation ("Defendant") and raises three causes of action: 1) violation of the Consumers Legal Remedies Act, California Civil Code § 1750, et seq., 2) violation of the Unfair Competition Law, California Business and Professions Code § 17200, et seq., and 3) breach of implied warranty. Plaintiff alleges that Defendant manufactures a variety of curling irons, straightening irons, and curling brushes. (Compl. ¶ 1.) Defendant's styling irons use a power cord connected to the iron via a "stress relief." (Compl. ¶ 2.) Plaintiff alleges that Defendant expressly and impliedly represent that their styling irons are well-designed and safe to use. (Compl. ¶ 4.) Plaintiff alleges that she, and others similarly situated, purchased Defendant's styling irons based upon those representations regarding their safety and suffered injury from using the styling irons. (Compl. ¶ 5.)

Plaintiff alleges that Defendant knew or should have known that its styling irons were defective. (Compl. ¶ 21.) Plaintiff contends that Defendant received complaints about similar incidents with the power cord from consumers as early as 2012. (Compl. ¶ 21.) Plaintiff further states that Defendant failed to warn consumers about the defects in its styling irons. (Compl. ¶ 24.)

On December 4, 2014, a scheduling order issued in this action setting forth pretrial deadlines. (ECF No. 26.) Plaintiff filed a motion to compel which was granted in part and denied in part on April 30, 2015. (ECF No. 46.) On May 8, 2015, Plaintiff served a subpoena duces tecum on non-party SureSource LLC seeking production of documents. (ECF No. 85 at 54.[1])

On July 22, 2015, Plaintiff filed a second motion to compel Defendants to produce

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

documents which was denied on August 17, 2015. (ECF Nos. 51, 58.) Plaintiff filed a motion for reconsideration by the district judge of the denial of the motion to compel which was denied on September 16, 2015. (ECF Nos. 63, 70.)

On October 21, 2015, Plaintiff filed an action in the United States Court for the District of Connecticut seeking to compel non-party SureSource to comply with the subpoena duces tecum. (ECF No. 85.) On November 13, 2015, the District of Connecticut transferred the motion to compel to this Court. (ECF No. 85 at 4-5.)

## II.

## LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena to command a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control. . . ." Fed. R. Civ. P. 45(a)(1)(A)(iii). It is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and 34. Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center, 211 F.R.D. 648, 662 (D. Kan. 2003) (quoting Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) that the amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). Rule 34(a) provides that a party may serve a request that is within the scope of Rule 26.

At the time this motion was filed, Rule 26 provided that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[2] Fed. R. Civ. P. 26(b)(1). Relevancy is broadly defined for the purposes of discovery, but it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted).

---

[2] As of December 1, 2015, Rule 26 provides "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

1    While discovery should not be unnecessarily restricted, discovery is more limited to
2 protect third parties from harassment, inconvenience, or disclosure of confidential documents.
3 Dart Industries Co., Inc. v. Westwood Chemical Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980).  In
4 deciding discovery disputes, courts must be careful not to deprive the party of discovery that is
5 reasonably necessary to their case.  Dart Industries Co., Inc., 649 F.2d at 680.  "Thus, a court
6 determining the propriety of a subpoena balances the relevance of the discovery sought, the
7 requesting party's need, and the potential hardship to the party subject to the subpoena."
8 Gonzales, 234 F.R.D. at 680.

9    **III.**
10   **DISCUSSION**

11    In Plaintiff's current motion to compel she seeks discovery for forty five models of
12 styling irons that she alleges contain the same allegedly defective power cord. (ECF No. 85 at
13 14-.)  Non-party SureSource objects on the grounds that Plaintiff's requests are overbroad, seek
14 irrelevant information, and burden an unrelated non-party to this action. (ECF No. 85 at 83-
15 101.)

16    "Prior to certification of a class action, discovery is generally limited and in the discretion
17 of the court."  Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006).  Generally, it is
18 the plaintiff's burden to make a "prima facie showing that the class actions requirements of
19 Federal Rule of Civil Procedure 23 are satisfied or that discovery is likely to produce
20 substantiation of the class allegations."  Del Campo, 236 F.R.D. at 459 (quoting Tracy v. Dean
21 Witter Reynolds, 185 F.R.D. 303, 304 (D.Co.1998).  Especially when the material is in the
22 possession of the defendant, the court should allow the plaintiff enough discovery to obtain
23 evidence as to whether a class action is maintainable. Doninger v. Pac. Nw. Bell, Inc., 564 F.2d
24 1304, 1313 (9th Cir. 1977).  The court should consider "the need for discovery, the time
25 required, and the probability of discovery providing necessary factual information" in exercising
26 its discretion to allow or prohibit discovery.  Doninger, 564 F.2d at 1313.

27    The Court has already held that Plaintiff was entitled to receive discovery on whether
28 other individuals experienced similar failure in the forty-five styling irons with a similar power

cord and stress relief, but that Plaintiff was not entitled to additional discovery on the forty-five styling irons at this time. (ECF No. 46 at 9.) Further, the Court has found that Plaintiff's request to conduct testing on these forty-five models is premature at the pre-class certification stage of the litigation. (ECF No. 58 at 6.)

In deciding the requests to compel production here, the Court considers that while counsel for SureSource is the same counsel for Defendant in this action, SureSource is a non-party to this action and therefore discovery is more limited to protect the third party from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co., Inc.., 649 F.2d at 649. Finally, while the Court finds that many of the Requests for Production address the merits of Plaintiff's claims and are beyond the scope of what the Court would find to be pre-class certification discovery, where SureSource has agreed to produce a response such production shall be ordered.

1. Request for Production No. 1

Request for Production No. 1 seeks:

> DOCUMENTS sufficient to show what information YOU capture about purchasers of CONAIR PRODUCTS through www.conair-store.com. including, for example, names, addresses, emails, phone numbers, transaction dates, method of payments, PRODUCTS purchased, and prices paid.

Defendant's objection states:

> This Request is vague, ambiguous and uncertain regarding what type of documents are sought by the phrase "YOU capture about purchasers." It is unclear what specific categories of documents are being sought by this part of the Request. The Request is also overbroad and seeks irrelevant information in its use of the term "CONAIR PRODUCTS" since it seeks information beyond the model CD87 curling iron. Additionally, this Request is overbroad because it is not limited to consumers who purchased products in the State of California. Finally, this Request is overbroad because it is not limited to a reasonable time frame.

Plaintiff argues that this information is necessary to show that the class is ascertainable. Plaintiff states that the parties agreed that SureSource could respond to the request by declaration and limit the response to California. SureSource indicates that it will provide information sufficient to show what data is captured by SureSource regarding purchasers of products.

**SureSource shall produce a declaration stating the information that is captured**

5

**through the website www.conair-store.com.**

    2.     Request for Production No. 2

Request for Production No. 2 seeks:

> DOCUMENTS IDENTIFYING for each PRODUCT purchased through www.conair-store.com, the customer's name, address, email, phone number, transaction date, method of payment, PRODUCT purchased, and price paid.

Defendant's objection states:

> The Request is overbroad and seeks irrelevant information in its use of the term "PRODUCT" since it seeks information beyond the model CD87 curling iron. This Request violates third party privacy rights. Additionally, this, Request is overbroad because it is not limited to consumers who purchased products in the State of California. Finally, this Request is overbroad because it is not limited to a reasonable time frame.

Since this litigation is at the pre-class certification stage, the Court finds that merits discovery is premature. During meet and confer sessions the parties agreed that this information would not be produced until after a class has been certified and a protective order is in place. Therefore, **SureSource is not required to provide responsive documents to this request at this time.**

    3.     Request for Production Nos. 3 and 4

Request for Production No. 3 seeks:

> DOCUMENTS sufficient to IDENTIFY the average retail price of each PRODUCT sold through www.conair-store.com.

Request for Production No. 4 seeks:

> DOCUMENTS sufficient to IDENTIFY the average wholesale price of each PRODUCT sold through www.conair-store.com.

Defendant's objection to both requests states:

> The Request is overbroad and seeks irrelevant information in its use of the term "PRODUCT" since it seeks information beyond the model CD87 curling iron. Additionally, this Request is overbroad because it is not limited to consumers who purchased products in the State of California. Finally, this Request is overbroad because it is not limited to a reasonable time frame.

Plaintiff argues that this information is necessary to demonstrate the existence of a class

1  wide method of awarding relief that is consistent with her theory of liability.  The parties have
2  agreed that SureSource may provide a declaration limited to model CD87 and California
3  purchasers.  Plaintiff moves for an order compelling production of a declaration that states the
4  average retail and wholesale price for all forty-five models of styling irons sold in California for
5  January 1, 2005 through the present.

6        SureSource additionally objects on the ground that Plaintiff has provided no basis for
7  which the average wholesale price is relevant to any claim for damages.  Plaintiff replies that
8  equitable disgorgement of profits may be awarded for the alleged illegal conduct.  While
9  Plaintiff seeks information on the forty-five models of styling irons, there has been no class
10 certification in this action.  The information on all forty five of these models may be relevant
11 once a class is certified, however at this time the parties are to be conducting discovery relevant
12 to class certification.  While some merits discovery may be relevant to class certification,
13 Plaintiff is not entitled to conduct merits discovery on all forty-five models of styling irons until
14 after a class is certified and the scope of the claims is established.  Unless otherwise specified in
15 this order, the Court finds that it would be unduly burdensome to require the non-party to
16 produce responsive information for all forty-five models of styling irons prior to a class being
17 certified in this action.

18       SureSource agrees to produce a declaration containing the average retail price for the
19 model CD87 sold in California, but argues that the time period requested is overbroad since the
20 statute of limitations in this action is four years.  Additionally, SureSource states that sales
21 information is not available beyond 2010.

22       The Court finds that the request for retail and wholesale price information from 2005 is
23 overbroad and burdensome.  Plaintiff contends that this information is relevant to a disgorgement
24 of profits remedy, yet the longest statute of limitations in this action is four years and Plaintiff is
25 seeking ten years of information.  Further, SureSource contends that it does not have information
26 prior to 2010.  The responding party cannot be required to produce information that is not in its
27 possession.  **Plaintiff's motion to compel the wholesale prices of the forty-five styling irons**
28 **sold through www.conair-store.com is denied without prejudice to be raised during the**

7

**merits phase of the action.** SureSource is not required to provide a response to Request for Production No. 4 at this time. **SureSource shall produce a declaration stating the average retail price for the model CD87 sold in California for the period of January 1, 2010 through the present.**

4. Request for Production No. 5

Request for Production No. 5 seeks:

> DOCUMENTS sufficient to IDENTIFY the number of units of each PRODUCT sold through www.conair-store.com, broken down by month and State.

Defendant's Objection states:

> The Request is overbroad and seeks irrelevant information in its use of the term "PRODUCT" since it seeks information beyond the model CD87 curling iron. Additionally, this Request is overbroad because it is not limited to consumers who purchased products in the State of California. Finally, this Request is overbroad because it is not limited to a reasonable time frame.

Plaintiff argues that this information is also necessary prior to class certification to demonstrate the existence of a class wide method of awarding relief. The Court finds that this request is overbroad as it seeks information on all forty-five models of styling irons sold from 2005 through the present and did not limit production to the location of sale. Further, this request goes to the merits of the claims and is beyond the scope of class certification discovery. Accordingly, **Plaintiff's request to compel production to Request for Production No. 5 is DENIED.**

5. Request for Production Nos. 6 and 7

Request for Production No. 6 seeks:

> All DOCUMENTS, including COMMUNICATIONS, YOU received from CONAIR CONCERNING promoting, advertising, and marketing the PRODUCTS.

Request for Production No. 7 seeks:

> Exemplars of sales materials, promotional materials, and advertisements CONCERNING PRODUCTS sold through www.conair-store.com.

Defendant's objection for both requests state:

8

> The Request is overbroad and seeks irrelevant information in its use of the term "PRODUCT" since it seeks information beyond the model CD87 curling iron. Additionally, this Request is overbroad because it is not limited to consumers who purchased products in the State of California. Finally, this Request is overbroad because it is not limited to a reasonable time frame.

Plaintiff contends that this information is necessary to show that the advertising for all forty-five models failed to warn consumers of the defect in the power cord. However, the Court finds these requests to be beyond the scope of pre-class certification discovery and is related to the merits of the action.

Defendant has agreed to produce responsive documents related to the CD87 and CD12 from 2010 to the present. Therefore, **Defendant shall produce documents responsive to Request for Production Nos. 6 and 7 for the CD87 and CD12 styling irons for the time period from January 1, 2010 to the present.**

6. <u>Request for Production Nos. 8, 10, 11</u>

Request for Production No. 8 seeks:

> All DOCUMENTS, including COMMUNICATIONS, CONCERNING complaints, inquiries, or reports of PROBLEMS with PRODUCTS sold through www.conairstore.com.

Request for Production No. 10 seeks:

> All DOCUMENTS, including, but no limited to, any reports, investigations, studies, analysis, or testing relating to PROBLEMS with the PRODUCTS sold through www.conair-store.com.

Request for Production No. 11 seeks:

> All DOCUMENTS, including COMMUNICATIONS, relating to PROBLEMS with PRODUCTS sold through www.conair-store.com. including, but not limited to between YOU and CONAIR.

Defendant's objection to these requests state:

> The Request is overbroad and seeks irrelevant information in its use of the term "PRODUCT" since it seeks information beyond the model CD87 curling iron. Additionally, this Request is overbroad because it is not limited to consumers who purchased products in the State of California. Finally, this Request is overbroad because it is not limited to a reasonable time frame.

Plaintiff contends that this information is needed to show that the problem with the styling iron was not unique to her styling iron. The Court has previously found that:

> Plaintiff alleges that she purchased a styling iron that failed to turn on after a month and the replacement styling iron failed where the power cord met the stress relief. Plaintiff alleges that other consumers have experienced the same failure of the power cord. The parties have identified forty-five styling irons that have the same power cord and stress relief as the model that injured Plaintiff. Plaintiff's allegations are sufficient to establish typicality only for those claims where an individual experienced a similar failure of the power cord. Plaintiff has not made a prima facie case for any malfunction of styling irons manufactured by Defendant.
>
> The Court finds that Plaintiff has sufficiently pled a prima facie case to be allowed discovery to determine if other individuals have experienced similar failure in those forty-five models with the similar power cord and stress relief. Therefore, Defendants shall be ordered to supplement their responses to Request for Production No. 18 for all forty-five models where the complaint is a failure of the power cord. If ambiguity exists as to the reasons for the complaint, Defendant shall err on the side of caution and produce such documents.

(ECF No. 46 at 9:1-13.)

Similarly, SureSource shall be required to provide documents responsive to Request for Production No. 8 regarding all forty-five models where the complaint is a failure of the power cord. However, Requests No. 10 and 11 are beyond the scope of the discovery found to be appropriate at the pre-class certification stage of the proceedings. Accordingly, **SureSource shall produce documents responsive to Request for Production No. 8 regarding all forty-five models where the complaint is a failure of the power cord. No production is required for Request for Production No. 10 and 11.**

  7. <u>Request for Production No. 9</u>

Request for Production No. 9 seeks:

> All DOCUMENTS, including COMMUNICATIONS, CONCERNING customer returns, exchanges of, or refunds for PRODUCTS sold through www.conair-store.com.

Defendant's objection states:

> The Request is overbroad and seeks irrelevant information in its use of the term "PRODUCT" since it seeks information beyond the model CD87 curling iron. Additionally, this Request is overbroad because it is not limited to consumers who purchased products in the State of California. Finally, this Request is overbroad because it is not limited to a reasonable

time frame.

Plaintiff contends that this information is also necessary to demonstrate the existence of a class wide method of awarding relief. Plaintiff seeks a declaration identifying the number of returns or exchanges for the model CD87 from June 2010 through the present. Defendant has agreed to produce such a declaration.

**SureSource shall produce a declaration responsive to Request for Production No. 9 identifying the number of returns or exchanges for the model CD87 from June 2010 through the present.**

8. <u>Request for Production No. 12</u>

Request for Production No. 12 seeks:

> All DOCUMENTS, including COMMUNICATIONS, CONCERNING a recall or the possibility of a recall of any of the PRODUCTS sold through www.conair-store.com.

Defendant's objection states:

> The Request is overbroad and seeks irrelevant information in its use of the term "PRODUCT" since it seeks information beyond the model CD87 curling iron. Additionally, this Request is overbroad because it is not limited to consumers who purchased products in the State of California. Finally, this Request is overbroad because it is not limited to a reasonable time frame.

Plaintiff contends that SureSource has agreed to produce responsive documents relating to CD87 and CD12, but that recall documents regarding all forty-five models must be produced. SureSource argues that information on the other models is overbroad and irrelevant as the information sought is not limited to the subject matter of this litigation, a defective power cord.

Plaintiff's request for production is overbroad as it seeks information regarding recalls beyond the subject matter of this litigation. As SureSource argues, if a product was recalled due to a defective on/off switch it would be irrelevant here. However, a recall that was due to a power cord defect could lead to the discovery of admissible evidence and it does not appear to be overly burdensome to require production of such documents. Accordingly, **SureSource is ordered to produce responsive documents for any recall due to power cord defects for all forty-five styling irons from January 1, 2005 to the present.**

11

9. <u>Request for Production No. 13</u>

Request for Production No. 13 seeks:

> All agreements or contracts between YOU and CONAIR CONCERNING PRODUCTS sold through www.conair-store.com.

Defendant's objection states:

> The Request is overbroad and seeks irrelevant information in its use of the term "PRODUCT" since it seeks information beyond the model CD87 curling iron. Additionally, this Request is overbroad because it is not limited to consumers who purchased products in the State of California. Finally, this Request is overbroad because it is not limited to a reasonable time frame.

Plaintiff contends that production of the contract between SureSource and Conair is necessary to determine if SureSource is under a contractual agreement to keep information confidential and to understand what information SureSource has that Conair does not. Defendant replies that Plaintiff can obtain this information by way of deposition.

The Court finds that the Request for Production of the contract between SureSource and Conair is beyond the scope of pre-class certification discovery. **Plaintiff's motion to compel production in response to Request for Production No. 13 is denied.**

10. <u>Request for Production No. 14</u>

Request for Production No. 14 seeks:

> DOCUMENTS sufficient to IDENTIFY what services YOU provide to CONAIR CONCERNING PRODUCTS sold through www.conair-store.com.

Defendant's objection states:

> The Request is overbroad and seeks irrelevant information in its use of the term "PRODUCT" since it seeks information beyond the model CD87 curling iron. Additionally, this Request is overbroad because it is not limited to consumers who purchased products in the State of California. Finally, this Request is overbroad because it is not limited to a reasonable time frame.

Plaintiff contends that this information is necessary to determine if SureSource has critical documents that Conair claims to not possess. The parties have agreed that SureSource may provide a response to this request by declaration. Accordingly, **SureSource shall provide a declaration identifying those services which it provides to Conair responsive to this request.**

11.     Preservation of Evidence

Plaintiff requests that SureSource be required to include in their declaration a statement that they will preserve all evidence or notify Plaintiff of the intent to purge or overwrite any information during the course of the litigation. "Litigants owe an uncompromising duty to preserve what they know or reasonably should know will be relevant evidence in a pending lawsuit, or one in the offing . . . ." JUDGE WILLIAM W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:125 (2004) (internal quotations and citations omitted); see also Leon v. Sys. Corp., 464 F.3d 951, 959 (9th Cir. 2006). This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991), is sufficient in most cases to secure the preservation of relevant evidence. SureSource is now on notice that the evidence is in issue in this action and therefore is advised that any responsive documents must be preserved until the class allegations in this action are resolved.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The December 9, 2015 hearing is VACATED and the parties are not required to appear on that date;

2. Plaintiff's motion to compel production is GRANTED IN PART AND DENIED IN PART as follows:

    a. The motion to compel responses to Requests for Production Nos. 2, 4, 5, 10, 11, and 13 is DENIED;

    b. SureSource shall produce responsive documents as discussed herein for Requests for Production Nos. 1, 3, 6, 7, 8, 9, 12, and 14 within fourteen days from the date of entry of this order; and

///

///

///

3. Failure to comply with this order may result in the issuance of monetary sanctions.

IT IS SO ORDERED.

Dated: **December 4, 2015**

_____
UNITED STATES MAGISTRATE JUDGE