**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DELIA WILSON, on Behalf of Herself and All Others Similarly Situated,<br><br>       Plaintiff,<br><br>    v.<br><br>CONAIR CORPORATION,<br><br>       Defendant. | Case No: 1:14-cv-00894-WBS-SAB<br><br>CLASS ACTION<br><br>ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO EXTEND TIME TO FILE MOTION FOR CLASS CERTIFICATION<br><br>(ECF No. 88) |

On December 8, 2015, Plaintiff filed an ex parte application to modify the scheduling order in this action.  (ECF No. 88.)

"The expression 'ex parte motion' is a term of art.  In its pure form it means a request a party makes to the court without any notice to the other side."  Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995).  "Ex parte relief is generally disfavored when relief may be had through a regularly noticed motion."  Hufnagle v. Rino Int'l Corp., No. CV 10-08695 DDP VBKX, 2012 WL 6553743, at *1 (C.D. Cal. Dec. 14, 2012).

Courts will consider an ex parte motion where "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion

procedures." <u>Mission Power Eng'g Co.</u>, 883 F.Supp. at 492.  The <u>ex parte</u> request must be accompanied by a separate proposed motion for the relief the party is seeking and papers identical to what would be filed with a regular noticed motion.  <u>Id.</u>  To justify <u>ex parte</u> relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures."   <u>Id.</u> Additionally "it must be established that the moving party is without fault in creating the crisis that requires <u>ex parte</u> relief, or that the crisis occurred as a result of excusable neglect."  <u>Id.</u>

While Plaintiff included a memorandum of points and authorities, she has not shown that she is without fault in creating the crisis that requires <u>ex parte</u> relief.  If such a crisis exists, Plaintiff's remedy would be to file a noticed motion in compliance with the Local Rules and an application to shorten time for hearing the motion.

In the instant application, Plaintiff states that she sent an e-mail to Defendant yesterday at 2:00 p.m. seeking a stipulation to amend the class certification deadline.  (Hurst Decl. ¶ 6, ECF No. 88-2.)  Plaintiff has not yet received a response so she filed this <u>ex parte</u> application. The Court notes that Plaintiff filed this motion at 1:07 p.m., and therefore provided Defendant with significantly less than twenty-four hours to respond to her request before beginning to work on an <u>ex parte</u> application.

This is not the first time that the Court's assistance has been sought without any real attempt to meet and confer to resolve disputed issues.  On October 29, 2015, Plaintiff's counsel brought an <u>ex parte</u> application asserting lead counsel was out of town and co-counsel did not have the authority to sign off on stipulations.  (ECF No. 74.)  However, Defendant's counsel, while informing Plaintiff that he was completely unavailable on the 26th had made himself available to speak with Plaintiff's counsel on the 27th at 10:00 am.  (ECF No 75.)

In this instance, Plaintiff has not provided Defendant with an adequate opportunity to respond to her request for a stipulation.  Accordingly, Defendant may still stipulate to the requested amendment.  The Court has currently required the parties to appear for an extended meet and confer on December 22, 2015 regarding the discovery disputes due to their failure to

1   meet and confer without the Court's assistance.  The Court declines to exercise "playground

2   jurisdiction" in this action.

3       The parties are required to make good faith efforts to meet and confer before bringing

4   any further motions before the Court.  Additionally, any motions filed in this action must

5   provide the specific attempts made to meet and confer and provide sufficient time for the

6   opposing party to respond before seeking intervention from the Court in resolving the dispute.

7   The Court expects all counsel in this action to act professionally and they are advised that the

8   Court does not look favorably upon attempts to cast blame on the opposing counsel for the

9   lack of cooperation that has been apparent in this litigation.

10       Plaintiff's ex parte application is HEREBY DENIED.  Any disputed motion to amend

11   the scheduling order must be raised as a noticed motion pursuant to the Local Rule and must

12   comply with the meet and confer requirements stated herein.

13

14   IT IS SO ORDERED.

15   Dated:   **December 8, 2015**

16                                          UNITED STATES MAGISTRATE JUDGE