1
2
3
4
5
6
7
8
9
10
11
12              **UNITED STATES DISTRICT COURT**

13              **EASTERN DISTRICT OF CALIFORNIA**

14  DELIA WILSON, on Behalf of Herself and          Case No: 1:14-cv-00894-WBS-SAB
15  All Others Similarly Situated,

16              Plaintiff,                          **ORDER ON STIPULATION RE
                                                    PROTOCOL FOR DESTRUCTIVE
17      v.                                          TESTING OF PLAINTIFF'S CURLING
                                                    IRON**
18  CONAIR CORPORATION,
19
                Defendant.
20
21
22          Defendant Conair Corporation ("Conair") and Plaintiff Delia Wilson ("Plaintiff")

23  (collectively, the "Parties") enter into this Stipulation regarding the Protocol for Testing

24  Plaintiff's Curling Iron and hereby agree as follows:

25  **I.      Statement of General Intent**

26          1.      The general intent of this Stipulation is to establish a protocol for testing

27  Plaintiff's Conair Instant Heat Curling Iron, model CD87.  A prior testing took place on June

28

                                          1

2, 2015 and June 3, 2015 by Plaintiff.  This protocol is for testing conducted by defendant Conair.

2.      Conair's expert consultant Kurt Breitenkamp of Exponent will be present and oversee the testing.  Plaintiff's counsel and/or Plaintiff's expert consultant(s) have the right to be present to observe and/or electronically record the testing and events that occur at the inspection and testing.

3.      Conair will in writing inform plaintiff of the date(s) and location for each test at least 3 business days prior to the tests.  If plaintiff intents to attend or record the testing, no later than five (5) days before the scheduled testing date(s), Plaintiff's counsel will provide Conair's counsel with (a) the identity of all persons who will be present at the testing on Plaintiff's behalf, and (b) the number and type of electronic recording devices Plaintiff's representatives intend to use during the testing and events that occur at the testing.

4.      Conair will bear the costs of this testing.

5.      To the extent Plaintiff intends to conduct its own testing of the Curling Iron, Plaintiff will submit a proposed protocol to Conair's counsel and obtain written consent at least five (5) days before the scheduled testing date(s).  To the extent the Parties cannot agree on any proposed protocol submitted by Plaintiff, Conair's testing of the Curling Iron will proceed, as long as the consent to Plaintiff's proposed protocol is not unreasonably withheld. If Plaintiff does not conduct any testing at this time, Plaintiff preserves all rights and privileges to conduct testing at a later time.  Each party will bear the costs of their own testing.

6.      Conair will produce the collected "Raw Data" and other information described in Section II, Paragraph 7 to Plaintiff's Counsel within five (5) business days following receipt by either Conair or its consultant from the testing laboratory.   "Raw Data" shall mean unprocessed collection of numbers and characters that will later be used, measured and/or analyzed, and whereupon it can be visualized using graphs or images.  "Raw Data" shall also mean graphs, plots, outputs of measuring devices, spectra, interpretations thereof, images, films, video and/or digital video created by the laboratory as part of the testing process.

7.     This Stipulation is not intended to and does not create or modify any standard for the admissibility of evidence and is not intended to waive or otherwise alter any objections, privileges or rights, including but not limited to, privileges and other rights under the Federal Rules of Civil Procedure and Federal Rules of Evidence.  All Parties preserve all objections and rights.

## II.     Conair's Protocol for Testing Subject Curling Irons

1.     Plaintiff will be required to bring or provide to Conair's counsel both of the entire Curling Irons, including the  power cords from both the curling iron and the "control" curling iron that was used at Plaintiff's testing to this  testing conducted by Conair.

2.     Conair's expert, Kurt Breitenkamp intends to visually examine and capture electronic and/or digital images of the entire Curling Iron.  This inspection and digital imaging will take place at Exponent's facility at 149 Commonwealth Drive, Menlo Park, California, 94025.

3.     Conair's experts will also perform tests to evaluate whether there are chemical compositional differences in the power cord insulation.  Multiple samples of the insulation will be taken at multiple locations on each of the two power cords.  Fourier-transform infrared (FTIR) spectroscopy will be used in combination with organic-solvent extraction to gravimetrically assess the mass of chemical additives in the cord that can be dissolved. These extracted additives will be analyzed by gas chromatography-mass spectrometry (GC-MS) to possibly identify their composition and relative concentration. After organic extraction, the insulation samples will be analyzed by thermogravimetric analysis (TGA) to quantify the mass fraction of the material that is not combustible (i.e. inorganic additives and fillers). The non-combustible residue from the EDS experiment will be subsequently analyzed by energy dispersive spectroscopy (EDS) to qualitatively compare the inorganic components present in each sample. The residue from each sample will then be analyzed by inductively coupled plasma mass spectrometry (ICP-MS) to quantify the concentrations of inorganic elements in each sample.  The FTIR test will be performed by Kurt Breitenkamp at Exponent's Menlo

1  Park facility.  The GC-MS analysis of the extracted organic compounds will be performed by

2  Susan Mackintosh, who is also employed by Exponent, at Exponent's Menlo Park facility.

3  The TGA and EDS analysis will be performed by Robert Farina at Exponent's Bowie,

4  Maryland facility located at 17000 Science Drive, Suite 200, Bowie, Maryland.  The ICP-MS

5  analysis will be performed by a different facility, K Prime Inc., located at - 3621 Westwind

6  Blvd , Santa Rosa, California.

7  4.    These samples will be taken from the power cord in the area of the alleged

8  failure and the area near the failure.  The samples will be taken from similar locations as

9  performed during the testing done by Plaintiff.

10  5.    These tests will require the removal of very small samples of insulation from

11  the power cord (1/2 gram).  In order to remove these samples, the laboratory will use a knife,

12  scalpel or similar instrument (*e.g.*, microtome) to remove samples of insulation from the power

13  cord.  The insulation will be removed at or near the break in the power cord and additional

14  samples will be removed in and around the break, as well as farther down the power cord.

15  Conair estimates that five (5) samples will be taken.   Conair also reserves the right to test the

16  five (5) samples previously taken by Plaintiff's expert consultant for purposes of determining

17  composition of the samples, to the extent the samples are still in the possession of the testing

18  facility and available to Plaintiff.   After its testing is completed, Conair will preserve all

19  samples of the insulation taken by it from the power cords and provide them to Plaintiff upon

20  request.

21  6.    Insulation will also be taken from the same control Conair curling iron power

22  cord that Plaintiff previously tested and testing performed by Conair in accordance with

23  section II, subsections 3 through 5 as applicable. The samples will be taken from the similar

24  locations as performed during the testing done by Plaintiff.

25  7.    Plaintiff's counsel will deliver the two curling irons to Defense counsel via

26  federal express for delivery on or before December 28, 2015. Defense counsel will provide the

27  curling irons to the experts.  Defense counsel will create a chain of custody log, and at the end

28

4

1    of the testing, will provide the two curling irons and all component parts back to Plaintiff's

2    counsel with a copy of the chain of custody log.

3          Within five (5) business days following the receipt of the test results by either Conair

4    or its consultant from the testing laboratory, Conair will produce the following to Plaintiff's

5    Counsel: (i) all Raw Data; (ii) documentation on how each test or analysis was performed; (iii)

6    all test results and interpretation of such results (iv) documentation on how each test or

7    analysis was interpreted and calculated and the resulting interpretation and calculations; and

8    (vi) if a library of spectra was used in these interpretations, what was used and how it was

9    derived.

10   **IT SO STIPULATED.**

11   Dated: December 24, 2015

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
THOMAS J. O'REARDON II (247952)

By:    s/  Leslie E. Hurst
            LESLIE E. HURST

701 B Street, Suite 1700
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com
sboot@bholaw.com

ODENBREIT LAW, APC
KATHERINE J. ODENBREIT (184619)

    s/  Katherine J. Odenbreit
      KATHERINE J. ODENBREIT

15835 Algonquin Street, Suite 221
Huntington Beach, CA 92649
Tel: 888/490-3510
kodenbreit@kjolaw.com

*Attorneys for Plaintiff*

5

1

2     Dated: December 24, 2015

3

4

5

6

7

8

9

10

11          Pursuant to the stipulation of the parties,

12

13    IT IS SO ORDERED.

14    Dated:   **December 28, 2015**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROSEN ✧ SABA, LLP

RYAN D. SABA (192370)
MOMO E. TAKAHASHI (238965)

By: ___s/  Ryan D. Saba_____ _____
                RYAN D. SABA

9350 Wilshire Boulevard, Suite 250
Beverly Hills, CA 90212
Tel: 310/285-1727
310/285-1728 (fax)
rsaba@rosensaba.com
mtakahashi@rosensaba.com

*Attorneys for Defendants*

**ORDER**

UNITED STATES MAGISTRATE JUDGE