UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DELIA WILSON, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONAIR CORPORATION,<br><br>Defendant. | CIV. NO. 1:14-00894 WBS SAB<br><br><u>MEMORANDUM AND ORDER RE: PLAINTIFF'S APPLICATION TO SHORTEN TIME ON PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND TO CONTINUE CLASS CERTIFICATION</u> |

----oo0oo----

Plaintiff Delia Wilson brought this putative class action against Conair Corporation, asserting violations of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 <u>et seq.</u>, the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, and breach of implied warranty for allegedly misrepresenting the safety of Conair's Curling Irons, Straightening Irons, and Curling Brushes. Plaintiff now applies to shorten the time on her motion for leave to file a First Amended Complaint ("FAC"),

1

1  requesting that the court move the hearing date from February 22,
2  2016 to February 1, 2016.  (Docket No. 108.)  Plaintiff also
3  seeks an extension of thirty days to file her motion for class
4  certification, requesting that the court move the deadline from
5  February 5, 2016 to March 7, 2016.  (Id.)  Defendant opposes
6  plaintiff's application to shorten time on the motion to amend
7  and to extend time on the motion for class certification.
8  (Def.'s Opp'n (Docket No. 109).)

I.   Shortening Time on Motion to Amend

        Under Local Rule 144(e), "applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time."  E.D. Cal. Local R. 144(e).

        Plaintiff requests shortened time because the statute of limitations on her proposed personal injury claims expires on February 12, 2016, before the current hearing date of February 22, 2016.  (Pl.'s Appl. at 1; MacPherson Decl. ¶ 21 (Docket No. 108-1).)  Plaintiff is now pursuing individual personal injury claims because of her "ongoing problems attributed to the initial injury."  (Pl.'s Appl. at 3.)  Plaintiff alleges that she was injured by a Conair Styling Iron when the power cord crackled and emitted sparks that hit the right side of her face and chest.  (MacPherson Decl. ¶ 20.)  She suffered a corneal abrasion for which she continues to see her eye doctor and which continues to require eye medication.  (Id.)  In addition, plaintiff's proposed FAC adds a class action claim regarding Conair's alleged failure to report complaints of power cord ruptures on styling irons.  (Id.)  Plaintiff seeks to include this new allegation in her

2

motion for class certification, which must be filed by February 5, 2016. (Id. at 2.)

Defendant opposes shortening time because defendant already stipulated to shortened time when plaintiff moved to continue the motion for class certification by sixty days in December 2015. (Def.'s Opp'n at 2.) In addition, defendant argues that if the court shortens time it will not have enough time to serve plaintiff with a Rule 11 motion for sanctions and provide plaintiff with the required 21 day safe-harbor period. (Id. at 7.) Defendant seeks sanctions because it argues plaintiff's underlying motion to amend was filed for improper purposes and the new allegations plaintiff proposes are not supported by facts or existing law. (Id. at 6.) For example, plaintiff stated in her original Complaint that though she "suffered physical harm from use of the Styling Iron, plaintiff is not seeking the recovery of her personal injury damages" or "any personal injury damages on behalf of class members." (Compl. at 2 (Docket No. 1).) Defendant argues that plaintiff is now contradicting this affirmative representation by seeking to allege individual personal injury claims in her FAC.

The court finds that the statute of limitations for plaintiff's personal injury claims is a satisfactory reason for shortening time on plaintiff's motion to amend. Defendant's desire to file Rule 11 sanctions does not justify denying plaintiff's motion. Accordingly, the court grants plaintiff's application to shorten time on her motion for leave to file a FAC and moves the hearing to February 8, 2016.

///

II.  <u>Extending Time on Motion for Class Certification</u>

On December 4, 2014, this court issued a Status (Pretrial Scheduling) Order that required all motions to certify or decertify a class be filed on or before January 5, 2016.  In December 2015, plaintiff requested a sixty-day extension in order to resolve outstanding discovery issues before filing her motion for class certification.  Magistrate Judge Boone found that plaintiff had not shown good cause for a sixty-day extension of time as the seven discovery issues plaintiff raised had largely been resolved.  However, Magistrate Judge Boone granted plaintiff a thirty day extension because the parties had only resolved outstanding discovery disputes on December 22, 2015 and needed time to exchange and review the agreed upon disclosures.  (Docket No. 106.)  Magistrate Judge Boone therefore moved the filing deadline to February 5, 2016.  (<u>Id.</u>)  Plaintiff now seeks an additional thirty-day extension.

Amendments of the scheduling order are governed by Federal Rule of Civil Procedure 16, which provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment."  <u>Johnson</u>, 975 F.2d at 609.  "If that party was not diligent, the inquiry should end."  <u>Id.</u>  Although the focus of the inquiry is on the moving party's diligence, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion."  <u>Id.</u>; <u>see also</u> Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause,

4

extend time.").

Plaintiff contends that she needs an additional thirty days to file her motion for class certification because at the December 2, 2015 deposition of Conair's witness, Pam Keegan, plaintiff learned that Conair does not report complaints of power and cord ruptures on Conair styling irons to the federal Consumer Product Safety Commission. (Pl.'s Appl. at 3; MacPherson Decl. ¶¶ 16-19.) Plaintiff argues that this failure to report is an unfair and deceptive business practice and seeks to add this allegation to her Complaint. (Id.) She argues that this new allegation is critical to supporting her motion for class certification. (Id.) As a result, she seeks to have her motion for leave to file a FAC decided prior to the date on which she must file her motion for class certification.

While Pam Keegan was deposed prior to plaintiff's December 16, 2015 application for a sixty-day extension, plaintiff had not yet filed her motion to amend the Complaint. Further, plaintiff did not identify Conair's alleged failure to report as a justification in her prior application for an extension. (See Docket Nos. 97, 106.) The court therefore finds that plaintiff was sufficiently diligent in seeking to incorporate the reporting failure into her Complaint and motion for class certification, even though she technically could have raised this issue in her prior motion for an extension.

In addition, the extension of time will not prejudice defendant as it will not cause additional changes to the scheduling order--the pre-trial conference will remain on November 7, 2016 with trial set for January 10, 2017. Granting

an extension also will not interfere substantially with discovery, which remains open until July 1, 2015.

IT IS THEREFORE ORDERED that plaintiff's application for an Order shortening the time on the motion to amend and extending the time in which to file the motion for class certification be, and the same hereby is, GRANTED.

The hearing for plaintiff's motion to amend shall be moved to February 8, 2016 at 1:30 p.m.  Defendant's opposition or statement of non-opposition must be filed by February 1, 2016.  Plaintiff's reply must be filed by February 3, 2016.  All motions to certify or decertify a class shall be filed on or before March 7, 2016.

Dated:   January 25, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6