UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DELIA WILSON, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONAIR CORPORATION,<br><br>    Defendant. | CIV. NO. 1:14-00894 WBS SAB<br><br>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT |

----oo0oo----

Plaintiff Delia Wilson brought this putative class action against Conair Corporation, asserting violations of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq., the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and breach of implied warranty for allegedly selling curling irons, straightening irons, and curling brushes that have

1

1 a risk of serious malfunction and failing to warn consumers of
2 the potential dangers.  On December 4, 2014, this court issued a
3 Status (Pretrial Scheduling) Order that prohibited further
4 amendments to the pleadings "except with leave of court, good
5 cause having been shown under Federal Rule of Civil Procedure
6 16(b)."  (Docket No. 26.)  Plaintiff now seeks leave to file a
7 First Amended Complaint ("FAC").  (Docket No. 107.)  Defendant
8 opposes.  (Docket No. 113.)

I.   Proposed Amendments

Plaintiff's proposed FAC differs from her original Complaint in three significant ways.  First, the proposed FAC contains new allegations that defendant failed to report consumer complaints of power cord ruptures on styling irons to the Consumer Product Safety Commission ("CPSC") in violation of the Consumer Product Safety Act ("CPSA").  (See Proposed FAC ¶¶ 5, 25-30, 39, 50-52, 58, 60 (Docket No. 107-2).)  Plaintiff alleges that this conduct constitutes an unfair business practice under the UCL.  (Id. ¶ 60.)

Second, the proposed FAC adds counts five and six for negligence and negligent infliction of emotional distress.  (Id. ¶¶ 10, 97-108.)  Both claims are based on the personal injuries plaintiff allegedly suffered when the power cord on her styling iron ruptured, showering sparks on her face, chest, and eye.  (Id. ¶ 15.)  This is a departure from plaintiff's original Complaint, in which she stated that though she "suffered physical harm from use of the Styling Iron," she was "not seeking the recovery of her personal injury damages" or "any personal injury damages on behalf of class members."  (Compl. at 2 (Docket No.

2

1  1).)

2  Third, plaintiff's proposed FAC adds two strict
3  products liability claims for design or manufacture defect and
4  failure to warn. (Proposed FAC ¶¶ 81-96.) Defendant does not
5  seem to object to the addition of the two products liability
6  claims.

7  II. Discussion

8  Generally, a motion to amend is subject to Rule 15(a),
9  which provides that the "court should freely give leave [to
10 amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).
11 However, "[o]nce the district court ha[s] filed a pretrial
12 scheduling order pursuant to Federal Rule of Civil Procedure
13 16[,] which establishe[s] a timetable for amending pleadings[,]
14 that rule's standards control[ ]." Johnson v. Mammoth
15 Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Here,
16 the Scheduling Order controls and plaintiff must meet the
17 requirements of Rule 16(b).

18  A. Good Cause

19  A party seeking leave to amend under Rule 16(b) must
20 demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s
21 'good cause' standard primarily considers the diligence of the
22 party seeking amendment." Johnson, 975 F.2d at 609. "If that
23 party was not diligent, the inquiry should end." Id. Although
24 the focus of the inquiry is on the moving party's diligence, "the
25 existence or degree of prejudice to the party opposing the
26 modification might supply additional reasons to deny a motion."
27 Id.

28  The court finds that plaintiff has established good

cause for seeking leave to amend.  She did not become aware of defendant's alleged failure to report consumer complaints of cord ruptures until she deposed Conair's witness, Pam Keegan, on December 2, 2015.  (Pl.'s Mem. at 3 (Docket No. 107-1).)  She therefore could not have included this allegation in her original Complaint.  She diligently filed her motion for leave to amend her Complaint on January 11, 2016--just one month after the deposition.

While plaintiff was aware of her personal injuries prior to filing her original Complaint and represented that she would not be seeking personal injury damages, she has good cause for alleging these claims now since she did not know that the injuries would still be ongoing nearly two years later.  (Id. at 2; Pl.'s Reply at 2 (Docket No. 116).)  Plaintiff continues to visit her ophthalmologist and use eye medications for the corneal abrasion she suffered on February 12, 2014 due to the rupture of her styling iron power cord.  (Id. at 1-2.)  Plaintiff seeks to add these claims now in order to preserve them before the statute of limitations runs on February 5, 2016.  (Id. at 2.)  The persistence of plaintiff's injuries is sufficient to establish good cause.

B.  Bad Faith, Futility, Prejudice, or Undue Delay

If good cause is found, the court must then evaluate the request to amend the complaint in light of Rule 15(a)'s liberal standard.  Johnson, 975 F.2d at 608.  Under Rule 15(a), "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."  Id. at 607.  The nonmoving

4

1 | party bears the burden of demonstrating why leave to amend should
2 | not be granted.  Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529,
3 | 530-31 (N.D. Cal. 1989).
4 |         Courts have understood "bad faith" to mean such tactics
5 | as, for example, seeking to add a defendant merely to destroy
6 | diversity jurisdiction.  Sorosky v. Burroughs Corp., 826 F.2d
7 | 794, 805 (9th Cir. 1987).  Defendant not only argues that
8 | plaintiff has no excuse for her delay in bringing personal injury
9 | claims but also that plaintiff seeks personal injury damages in
10 | bad faith.  (Def.'s Opp'n at 2, 13-14.)  Defendant argues
11 | plaintiff intentionally waived her personal injury claims in her
12 | original Complaint and "throughout various pleadings and
13 | discovery" in order to prosecute this action as a class action.
14 | (Id. at 2.)  Plaintiff is only now seeking to add these
15 | individual claims, defendant contends, to hedge her bets in case
16 | the court denies her motion for class certification.  (Def.'s
17 | Opp'n at 3.)
18 |         While the court acknowledges that plaintiff's
19 | individual claims may weigh against class certification, this is
20 | an issue to be considered on plaintiff's motion for class
21 | certification and not grounds for denying plaintiff's motion to
22 | amend.  Moreover, after reviewing the transcript of plaintiff's
23 | deposition, the court cannot find that plaintiff affirmatively
24 | represented she would not seek personal injury damages during
25 | discovery.  For instance, when asked whether she planned to file
26 | a personal injury lawsuit she answered, "I don't know."
27 | (MacPherson Decl. Ex. A at 167:19-25 (Docket No. 107-4).)
28 | Similarly, when defense counsel asked, "do you agree never to

pursue personal injury claims in the future in this lawsuit?" she responded again by saying, "I don't know." (Id. 170:21-24, 171:11.) The court therefore finds that defendant failed to establish bad faith.

An amendment is "futile" only if it would clearly be subject to dismissal. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987); Moore v. Kayport Package Express, 885 F.2d 531, 542 (9th Cir. 1989) (citation omitted). Therefore, a "proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Defendant contends plaintiff's UCL claim predicated on defendant's alleged violation of the CPSA is futile because there is no private right of action under the CPSA and plaintiff therefore does not have standing to bring this claim. (Def.'s Opp'n at 5); see, e.g., In re All Terrain Vehicle Litig. v. Honda Motor Co. Ltd., 979 F2d 755, 756 (9th Cir. 1992) (holding the CPSA "does not provide an express private right of action for violation of the provisions of the Act itself, as distinguished from rules or orders issued by the Commission."). Plaintiff counters that the California Supreme Court has expressly rejected the notion that a private plaintiff lacks UCL standing whenever the conduct alleged to constitute unfair competition violates a statute for which there is no private right of action for direct enforcement. (Pl.'s Reply at 9); see, e.g., Matoff v. Brinker Rest. Corp., 439 F. Supp. 2d 1035, 1038 (C.D. Cal. 2006).

"While courts will determine the legal sufficiency of a

6

proposed amendment using the same standard as applied on a Rule 12(b)(6) motion . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002).  Given the dispute between the parties regarding plaintiff's standing to assert a UCL claim predicated on a CPSA violation, the court finds that this issue would be better resolved on a motion to dismiss.

Defendant next argues that plaintiff's CLRA and UCL claims are futile because they were not pled with sufficient particularity given the heightened pleading standard that applies to claims based on fraud.  (Def.'s Opp'n at 8-11.)  Again, the court finds that these issues are more appropriate for a motion to dismiss.  The court therefore finds that defendant has failed to establish futility.

Lastly, defendant argues it will be prejudiced if plaintiff is allowed to amend her Complaint as it "will drive up the costs of this litigation by generating additional motion practice and delay in order to dispose of these new meritless claims."  (Id. at 1.)  Under Rule 15, "undue prejudice" means substantial prejudice or substantial negative effect--such as where the claims sought to be added "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

Despite defendant's allegations, granting plaintiff's

motion for leave to amend will not cause undue prejudice or delay--the pre-trial conference will remain on November 7, 2016 with trial set for January 10, 2017.  Furthermore, defendant has until July 1, 2016 to conduct any additional discovery that may be necessary.  Defendant will also have adequate time to hire the additional experts that it argues are necessary to address plaintiff's new personal injury claims because the deadline for expert disclosures is May 20, 2016 and rebuttal expert reports are due June 17, 2016.  (Docket No. 49.)  Finally, while the proposed amendments do significantly expand the scope of this case, the court is not persuaded that they have "greatly altered the nature of the litigation."  Morongo, 893 F.2d at 1079.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file a First Amended Complaint be, and the same hereby is, GRANTED.

Plaintiff has three days from the date this Order is signed to file her proposed FAC.

Dated:  February 5, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8