UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DELIA WILSON, on behalf of herself and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>CONAIR CORPORATION,<br><br>          Defendant. | CIV. NO. 1:14-00894 WBS SAB<br><br><u>ORDER RE: PLAINTIFF'S AND DEFENDANT'S MOTIONS TO SEAL</u> |

----oo0oo----

Plaintiff Delia Wilson brought this putative class action against Conair Corporation, asserting violations of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 <u>et seq.</u>, the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and breach of implied warranty.  Defendant now requests the court seal (1) portions of defendant's opposition to plaintiff's motion for leave to file a First Amended Complaint ("FAC"), Exhibit B to the Saba Declaration, and a portion of

1

1  defendant's evidentiary objections to the declaration of Jennifer
2  L. MacPherson, (Docket No. 112); and (2) portions of plaintiff's
3  memorandum in support of her motion for leave to file a FAC, the
4  MacPherson declaration, and Exhibit B to the MacPherson
5  Declaration, (Docket No. 114).
6        Plaintiff requests the court seal portions of
7  plaintiff's reply in support of her motion for leave to file a
8  FAC. (Docket No. 115.)
9        A party seeking to seal a judicial record bears the
10 burden of overcoming a strong presumption in favor of public
11 access. Kamakana v. City & County of Honolulu, 447 F.3d 1172,
12 1178 (9th Cir. 2006). The party must "articulate compelling
13 reasons supported by specific factual findings that outweigh the
14 general history of access and the public policies favoring
15 disclosure, such as the public interest in understanding the
16 judicial process." Id. at 1178-79 (citation omitted). In ruling
17 on a motion to seal, the court must balance the competing
18 interests of the public and the party seeking to keep records
19 secret. Id. at 1179.
20 I.   Defendant's Requests to Seal
21       Defendant offers little explanation for its requests to
22 seal. The statements defendant moves to seal all refer to Pam
23 Keegan's deposition testimony about defendant's system for
24 handling consumer complaints and reporting complaints to the
25 Consumer Product Safety Commission ("CPSC"). Defendant argues
26 Keegan's deposition was designated confidential under the
27 parties' stipulated protective order, signed by Magistrate Judge
28 McAuliffe. (Stipulation and Order Governing Confidential Info.

1  (Docket No. 28).)  Defendant contends the deposition is
2  confidential "because Ms. Keegan testified about Conair
3  Corporation's confidential STARS complaint documenting system and
4  internal complaint reporting procedures, as well as reporting
5  within Conair Corporation's legal department regarding consumer
6  complaints."  (Docket No. 112.)
7         This court has previously pointed out that a
8  confidentiality agreement between the parties does not <u>per se</u>
9  constitute a compelling reason to seal documents that outweighs
10 the interests of public disclosure and access.  <u>See</u> Oct. 8, 2014
11 Order at 2, <u>Starbucks Corp. v. Amcor Packaging Distrib.</u>, Civ. No.
12 2:13-1754; Sept. 3, 2015 Order at 3, <u>Foster Poultry Farms, Inc.</u>
13 <u>v. Certain Underwriters at Lloyd's, London</u>, Civ. No. 1:14-00953;
14 Sept. 18, 2015 Order at 2, <u>Rosales v. City of Chico</u>, Civ. No.
15 2:14-02152.  The fact that the assigned magistrate judge signed
16 the stipulated protective order does not change this principle.
17        Keegan testified that she believed the legal department
18 is in charge of reviewing consumer complaints to look for
19 possible patterns and that she was "not aware of anybody" who
20 reports consumer complaints to the CPSC at Conair.  (<u>See</u> Saba
21 Declaration Ex. B, Tr. of Test. of Keegan (Docket No. 113-3).)
22 It is difficult to see how this qualifies as confidential
23 information that needs to be kept from the public.  Defendant's
24 concerns do not outweigh the history of access or the public
25 policies favoring disclosure to the public.
26        The court has reviewed the documents which defendant
27 requests sealed and finds no compelling reason to shield them
28 from public scrutiny.  Accordingly, the court must deny

defendant's requests to seal.

II. <u>Plaintiff's Request to Seal</u>

Plaintiff requests the court seal a portion of her reply in support of her motion for leave to file a FAC. (Pl.'s Request to Seal at 1.) The lines plaintiff request sealed "contain an excerpt from Pam Keegan's deposition transcript and summarize the deposition." (<u>Id.</u>) Plaintiff explains that she "does not believe" the lines "contain or reference information that should be sealed pursuant to statute or law" but that she was obligated to submit a request to seal under the protective order because defendant "designated the <u>entire</u> Keegan deposition transcript 'confidential.'" (<u>Id.</u>)

For all the reasons stated above, the court must also deny plaintiff's request to seal.

IT IS THEREFORE ORDERED that defendant's and plaintiff's requests to seal be, and the same hereby are, DENIED.

Dated: February 5, 2016

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4